#### FOR THE

### COUNTY OF WINDSOR.

#### MARCH TERM, 1850.

---

PRESENT,

Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT,
Hon. DANIEL KELLOGG, } ASSISTANT JUDGES.
Hon. HILAND HALL,

---

### STATE v. FRANKLIN RIGGS AND WILLIAM W. REED.

A grand juror's complaint, alleging that the respondents did break and disturb the public peace by ringing and causing to be rung and tolled a certain church bell, and, well knowing that one P. was then living, did report and aver, that said P. was dead and was to be·buried on the next succeeding day, and did ring the said bell with intent to have it believed, that the said P. was then dead, and with intent to annoy, harrass and vex the said P., and his family and friends, is insufficient, and judgment thereon will be arrested, upon motion.

---

State *v.* Riggs et al.

---

This was a grand juror's complaint; and the case came to the county court by appeal. It was alleged in the complaint, that the respondents, at Ludlow, on the fourteenth of April, 1848, with force and arms, did break and disturb the public peace by then and there ringing and causing to be rung and tolled a certain church bell, and, well knowing that Zachariah Parker, Jr., of said Ludlow, was then living, did report and aver, that the said Parker was dead, and was to be buried on the next succeeding day, and did ring the said bell with intent to have it believed, that the said Parker was then dead, and with intent to annoy, harrass and vex the said Parker and his family and friends. After a verdict, that the respondents were guilty, a motion was filed in arrest of judgment, for the insufficiency of the complaint.

The county court, November Term, 1849,—KELLOGG, J., presiding,—overruled the motion and rendered judgment upon the verdict. Exceptions by respondents.

*H. E. Stoughton* and *J. F. Deane* for respondents.

In order to constitute an offence at common law, the act charged must be unlawful, or a particular bad intention must accompany the act. 1 Chit. Cr. Law 232. *State* v. *Lovell,* 3 Vt. 110. But in the case at bar the acts charged are not criminal, and no sufficient criminal intent is alleged. The *attempt* to make the public believe a falsehood is not indictable; neither is the attempt to annoy a person, without success, indictable. It is not alleged, that the respondents were successful in accomplishing their intent.

*S. Fullam* for state.

The offence charged is a disturbance of the public peace, by reporting the death of a citizen known to be alive, and tolling the bell for his death. This is clearly an offence. It disturbs that peace, which the citizens of this state have a right to enjoy. It tends to provoke quarrels and excite tumult, and it is manifestly highly immoral and sacrilegious.

The opinion of the court was delivered by

REDFIELD, J. This is certainly a case of the first impression. It seems to us very clear, that the acts charged in the complaint do not constitute an offence against the statute defining the ordinary

State *v.* Riggs et al.

modes of committing a breach of the public peace " by tumultuous and offensive carriage, threatening, quarrelling, challenging, assaulting, beating, or striking." The offence there defined is that of assault and battery, together with other kindred acts, of the nature named in the statute, and calculated to put one in fear of bodily harm, and disturbing that quiet and repose, which constitute essentially the comfort and rest of social life,—as was held in *State* v. *Benedict*, 11 Vt. 236.

But the misconduct here charged, testing its character by the rules of the common law,—and we have no other guide in cases wholly novel,—is either a libel, or a species of profanity, or perhaps partaking somewhat of both qualities. So far as the offence against the individual is concerned, it seems to be more a libel than any thing else, by attempting to bring him into contempt and ridicule and public scandal. The means resorted to, although novel, are not perhaps very different from pictures, effigies and pantomime, and other scenic and dramatic exhibitions, by way of caricature, which have been regarded as modes, in which one might be libelled. But to constitute an offence of this character, it is necessary, that the complaint should contain something more, than the mere acts. It should also contain averments, that the defendants did the acts for the purpose and with intent to bring the person aggrieved into public scandal, and that such was the nature and effect of such actions and conduct, as described in the complaint. The complaint is wholly deficient in these particulars. And whether it is possible to so frame a declaration, or bill, as to make such acts amount to any ground of action, or criminal proceeding, I would certainly not be prepared to say. The acts complained of are to my mind more like libel, or slander, perhaps, than a breach of the peace, by putting in fear of bodily harm.

Viewed as an unseemly jest, and an attempt to turn a very serious matter into heartless levity and unfeeling merriment, it would no doubt, by some, be regarded as a shocking profanity. For however the hour of one's death, and the passing knell, and the solemn order of a funeral, may seem to us, in health and spirits, such matters certainly are fraught with the gravest, the most awful importance to all sober men. And in a Christian community any attempt to make one a mark for ridicule through such instrumentalities would ordi-

narily be regarded as an unwarrantable proceeding, a species of profanity. But the statute having made one kind of profanity punishable in a summary way, and defined blasphemy as a substantive offence, we are not aware, that it has ever been supposed, that other kinds of profanity, not defined in any statute, are punishable criminally.

Judgment of the county court reversed, and judgment arrested.