State v. Matthews,

———

STATE OF VERMONT v. O. DWIGHT MATTHEWS.

*Criminal Law. Pleading. Complaint. Statute, (Gen. Sts., ch. 116, § 1.) Breach of the Peace.*

The complaint in this case charged that M. at etc., on etc., "in and upon one W., did make an assault and him the said W. did then and there with fists, clubs, sticks, and iron instruments strike, beat, bruise and wound, to the great injury of the said W., and thereby by his tumultuous and offensive carriage and by threatening and challenging the said W., the said M. did disturb and break the public peace, contrary," etc. *Held,* that it was not subject to the objection of duplicity.

There is only one offense mentioned in section 1 chapter 116 of the General Statutes, viz.: a breach of the peace, but several modes are therein named by which the offense may be committed. And although it appears upon the face of an indictment or complaint that the acts set forth constitute the several modes by which the respondent committed a single breach of the peace, if it also appear from such indictment or complaint that the acts charged were committed at the same time and are parts of the same transaction, the indictment or complaint is not subject to the objection of duplicity.

A conviction on an indictment alleging the offense to have been committed by one or more of the modes named would be a bar to any subsequent indictment for the same

State v. Matthews.

offense alleging it to have been committed by one or more of the other modes named in the statute.

Under a count alleging that the respondent disturbed and broke the public peace by tumultuous and offensive carriage, by threatening, quarreling, challenging, assaulting, beating and striking any other person, proof of a breach of the peace, in either of the modes alleged, would be sufficient to sustain the prosecution.

PROSECUTION for a breach of the peace, before the city court of Burlington, on complaint of the state's attorney, which charged that O. Dwight Matthews of Burlington, in the county of Chittenden, on the 24th day of January, A. D. 1869, at said Burlington, with force and arms in and upon one Albert Wing did make an assault, and him, the said Albert Wing, did then and there with fists, clubs, sticks and iron instruments, strike, beat, bruise and wound, to the great injury of the said Albert Wing, and thereby, and by his tumultuous and offensive carriage, and by threatening and challenging the said Albert Wing, the said O. Dwight Matthews did greatly disturb and break the public peace, contrary to the form, force and effect of the statute.

To this complaint the respondent filed a general demurrer. The court, SHAW, city judge, overruled the demurrer, held the complaint sufficient, and adjudged the respondent guilty. To the ruling of the court, overruling the demurrer and holding the complaint sufficient, the respondent excepted.

*E. R. Hard*, for the respondent.

The section of the statute upon which this prosecution is based embraces and creates seven distinct offenses, for the commission of either of which the party guilty may be punished. Beating and striking are nearly or quite synonymous, and both ordinarily, if not always, include assaulting, so that although these three are designated in the statute as separate offenses, they may doubtless all be embraced in one count in an indictment, without rendering the count obnoxious to the objection of duplicity. (27 Vt., 314.) But all the other offenses mentioned are separate and distinct offenses. The complaint in the present case alleges that the respondent, on the 24th day of January, 1869, assaulted, struck, beat, bruised and wounded Albert Wing, " and thereby, *and* by his tumultuous and offensive carriage, *and* by threatening

and challenging the said Albert Wing," broke the public peace. In this single count, therefore, the respondent is charged with *five* of the offenses mentioned in the statute. The count is therefore defective for multifariousness. Whart. Am. Cr. L. § § 381–384 ; *Com.* v. *Symonds*, 2 Mass., 163.

*Daniel Roberts*, state's attorney, and *Leverett B. Englesby*, for the state.

The opinion of the court was delivered by

WILSON, J. This is a prosecution for a breach of the public peace, contrary to section 1 of chapter 116 of the General Statutes. The cause comes into this court on general demurrer to the complaint, which contains only one count. It is insisted by the respondent's counsel that the statute above referred to creates and embraces seven distinct offenses, for the commission of either of which the party guilty may be punished. It is said by his counsel that in one count the respondent is charged with five of the offenses mentioned in said statute, and on this ground he claims the count is defective for multifariousness. The statute provides " that if any person shall disturb or break the public peace by tumultuous and offensive carriage, by threatening, quarreling, challenging, assaulting, beating or striking any other person, he shall be punished by fine not exceeding $500, or by imprisonment in the county jail not exceeding one year." There is, strictly speaking, only one offense mentioned in that section of the statute, and that offense is a breach of the public peace. (11 Vt., 236 ; 22 Vt., 321.) The statute enumerates several modes of disturbing and breaking the public peace, and these modes are sub-divisions of the same offense. Every offense consists of certain acts done or omitted under certain circumstances. The general rule is that the indictment or complaint must set forth every fact and circumstance which is a necessary ingredient in the offense. The offense must appear on the face of the indictment to be a distinct substantive offense. Arch. Cr. Pl., 41. The statute above quoted does not contain a definition of the offense. It enumerates in general terms the modes, or some of

the modes, of disturbing or breaking the public peace, but the particular acts which constitute some of these modes are not specified in the statute. They are to be set forth in the indictment, information or complaint according to the facts of the case.

The words of the statute, " *tumultuous* and offensive carriage," do not of themselves constitute such a statement of facts as import with sufficient certainty a breach of the peace. Nor do the words *threatening, quarreling* or *challenging any other person,* constitute such a statement of facts as show that the public peace has been broken or disturbed. But where it is claimed that the respondent did disturb and break the public peace by tumultuous and offensive carriage, or by *threatening, quarreling* or *challenging,* the facts which, it is claimed, constitute the tumultuous and offensive carriage, threatening, quarreling, or challenging complained of, should be set forth in the indictment, so that it may be determined from the character of the facts or acts alleged whether they do or do not constitute a breach of the public peace. The words in that section of the statute, *assaulting, beating or striking any other person,* whose name is stated in the indictment, import a breach of the peace.

The public peace may be disturbed or broken by one of these modes ; it may be disturbed and broken by all these modes, and yet constitute but one offense. A single count in an indictment, information or complaint, may contain a statement of facts which show upon the face of them that one offense, namely, a breach of the peace, has been committed by all the modes named in the statute. And where the *tumultuous and offensive carriage,* threatening, quarreling, challenging, assaulting, beating and striking are connected acts, done at the same time, they constitute but one offense, and all such connected acts, or so much of them as is necessary to constitute the offense, should be alleged in one count. It is clear that for such connected acts the respondent could not be convicted of two or more offenses by setting forth, in two or more counts, the different modes by which he committed the offense, where the acts set forth in each and in all the counts were committed simultaneously. The offense embraced in that section

64

of the statute is a misdemeanor, whether it be committed by one of the modes or by all the modes named in the statute; and a conviction on an indictment alleging the offense to have been committed by one or more of the modes named would be a bar to any subsequent indictment for the same offense alleging it to have been committed by one or more of the other modes named in that section of the statute. Under a count alleging that the respondent disturbed and broke the public peace by tumultuous and offensive carriage, by threatening, quarreling, challenging, assaulting, beating and striking any other person, proof of a breach of the peace, in either of the modes alleged, would be sufficient to sustain the prosecution, and the other modes, alleged and proved to have been committed at the same time, could be treated as matters or circumstances of aggravation.

It would seem, therefore, that where "assaulting, beating or striking any other person," is the mode, or where all these acts are the modes, by which a single breach of the peace is committed, it is sufficient to allege that the defendant [state his name and the time and place when and where the offense was committed] did disturb and break the public peace in this, that the said defendant did then and there [here state the name of the person upon whom the assault was committed and charge the acts committed by the defendant, as in a count for a common or an aggravated assault, according to the circumstances of the case, and conclude in the common form of the conclusion of an indictment for an offense against the statute.] If a count in an indictment charges that the defendant committed a breach of the public peace "by tumultuous and offensive carriage, by threatening, quarreling, challenging, assaulting, beating and striking any other person," the alleged *assaulting, beating and striking*, are the only acts stated which indicate, with sufficient certainty, the manner in which the offense was committed. As the statute does not define a breach of the public peace, it is not sufficient in all cases to charge the offense in the language of the statute. But where the offense is committed by tumultuous and offensive carriage, threatening, quarreling or challenging, unaccompanied with any personal violence to or assault upon another, the acts which constitute

the tumultuous and offensive carriage, threatening, quarreling or challenging complained of, must be stated so that it will clearly appear upon the face of the indictment whether the acts, charged to have been committed, constitute the offense within the meaning of the statute. And although it appears upon the face of the indictment that the acts set forth constitute several modes by which the defendant committed a single breach of the peace, if it also appears from the indictment that the acts, charged were committed at the same time, and are parts of the same transaction, the charge is not subject to the objection of duplicity. It is a settled rule of law that time and place must be added to every material fact in an indictment; that is, every material fact stated in an indictment must be alleged to have been done on a particular day and at a particular place. An indictment for a battery where time and place were laid to the assault, but not to the battery, has been holden good. 2 Hale, 178. And in other indictments for misdemeanors it has been held, if time and place be added to the first act, it shall be construed to refer to all the ensuing acts. *R.* v. *Bank,* Cro. Jac., 41. However, in practice, time and place are added to every material fact as well in indictments for misdemeanors as in indictments for felony. And if all the acts constituting the offense be supposed to have been done at the same time, it is sufficient (to all but the first) to allege time and place by the words " then and there," referring to the time and place mentioned to the first act. Arch. Cr. L., 38. But the rule as to time and place relates to acts which are necessary ingredients in the offense; for mere circumstances accompanying these acts need not be laid with time or place unless rendered essential by the particular nature of the offense. Arch. Cr. L., 37; Am. Cr. L., 622. Every fact or circumstance which is a necessary ingredient in the offense must be set forth in the indictment; and every fact and circumstance laid in an indictment which is not a necessary ingredient in the offense may be rejected as surplusage unless such unnecessary allegations are descriptive of the identity of that which is legally essential to the charge. And if there be any defect in the manner of stating such unnecessary matter, when not descriptive of the offense charged, the defect

will not vitiate the indictment.    The complaint in this case charges a breach of the peace by " assaulting, beating and striking Albert Wing."    The assault upon and personal violence to Wing, are sufficiently charged with time and place, when and where the offense was committed.    These allegations alone charge a breach of the public peace, and the complaint is sufficient unless rendered defective by reason of other averments which it contains.    It is insisted by the respondent's counsel that, considering the phraseology of the complaint and the order of its averments, a more. natural construction of it would be that the tumultuous and offensive carriage of the respondent and his threatening and challenging said Wing did not accompany or result from the personal violence to Wing, but were substantive and independent offenses, notwithstanding it is alleged they occurred on the same day.    This point made by the counsel rests mainly upon the erroneous assumption that the words, " by his tumultuous and offensive carriage and by threatening and challenging the said Wing," charge a breach of the peace.    But the complaint states no facts or acts except the alleged beating and striking Wing, that constitute a breach of the public peace.    It is true that the public peace can be disturbed and broken by " tumultuous and offensive carriage, by threatening or challenging any other person," but the *facts* which it is claimed constitute " tumultuous and offensive carriage," and the nature and circumstances of the threatening and quarreling, must be stated in the indictment or complaint, that the defendant may know what facts will be urged against him, and in order that it may be determined from the complaint itself whether the facts therein charged constitute an offense within the meaning of the statute, or any offense at all.    To charge merely, that the defendant disturbed and broke the public peace by " tumultuous and offensive carriage, threatening and challenging " the person named, is nothing more than the opinion of the pleader, as to the nature of the supposed offense and modes or mode by which it was committed ; an opinion formed upon facts not stated in the complaint, and until they are disclosed by the evidence, the court cannot decide as to their sufficiency to constitute an offense.    If such a rule of pleading were adopted in prosecutions for criminal offenses,

the defendant could not, on demurrer to the indictment, information or complaint, raise any question as to the sufficiency of the facts, or know, until he had heard the testimony, what facts were relied upon by the prosecutor, and then he could take advantage of their insufficiency only by demurrer to the evidence.    This would amount to a greater degree of uncertainty as to the facts of the case than is tolerated in declarations in civil suits, except in declarations on book account, and even in that action the defendant is entitled to a specification of what is claimed against him before he proceeds to trial.    Strike out all the averments in the complaint relating to the assault upon, and personal violence to Wing, and the complaint will contain no fact or circumstance constituting "tumultuous and offensive carriage," and no fact or circumstance from which it could be determined whether the alleged threatening or challenging was of a friendly character, or was of such a nature as to constitute a breach of the public peace. The complaint, so amended, would be clearly insufficient.    But strike out the statements in the complaint relating to "tumultuous and offensive carriage, threatening and challenging" Wing, still the complaint contains all the necessary ingredients in the offense. In this view of the question, all that is stated in the complaint as to threatening and challenging Wing, and as to the defendant's tumultuous and offensive carriage, may be treated as circumstances accompanying, or as a consequence of the alleged assaulting, beating and striking Wing, and such accompanying circumstances or consequence need not be laid with time or place in a complaint for a breach of the peace merely.    But if the pleader, by the words "tumultuous and offensive carriage, and by threatening and challenging the said Albert Wing," attempted to charge that the breach of the peace indicated by the alleged assault and personal violence, was also committed in one or more of the other modes mentioned in the statute, all that is said in the complaint as to such other modes or mode of breaking the peace, may be treated as a defective statement of matter which is not necessary to sustain the complaint; matter that need not be proved, because not descriptive of the identity of that which is legally essential to the charge of breaking the public peace by *assaulting, beating and*

*striking* Wing. There is another ground upon which the complaint may be sustained. As before remarked, enough is alleged to constitute a breach of the public peace ; and it appears upon the face of the complaint that all the acts, alleged to have been done as constituing the offense, were committed on the same occasion and are parts of the same transaction. The complaint first charges the assault upon and personal violence to Wing. It then proceeds, " *and thereby*," that is, in consequence of the alleged assaulting, beating and striking said Wing, " and by his (respondent's) tumultuous and offensive carriage, and by threatening and challenging the said Albert Wing, the said O. Dwight Matthews did greatly disturb and break the public peace." The fair construction of the complaint is, that the respondent, as a consequence of all that is alleged he did, is guilty of a breach of the public peace.

The judgment of the city court is affirmed. And on motion of the respondent's counsel, the judgment is reversed *pro forma*, the respondent has leave to replead and the cause is remanded.