## STATE v. NELLIE BARROWS.

*Breach of the Peace. Assault and Battery. Jurisdiction of Justice of Peace. Criminal Law. Practice.*
R. L. ss. 1666, 4228, 4235.

1. A criminal complaint charging an assault and battery, with force and arms, against the form of the statute and the peace of the State, &c., is a charge of a breach of the public peace within the meaning of R. L. s. 4228, against "tumultuous and offensive carriage," &c.; and a justice of the peace, before whom such complaint is pending, can legally impose a fine not exceeding $20.
2. But, the justice having jurisdiction of the process, the subject-matter, and the respondent, if he should fine him $20, when he could legally impose a fine of only $10, in accordance with R. L. s. 1666, the proceedings should not be dismissed on appeal in the County Court.

COMPLAINT for assault and battery. Heard on motion to dismiss, December Term, 1884, VEAZEY, J., presiding. Motion denied.

State *v.* Barrows.

It was charged in the indictment, that "the said Nellie Barrows, with force and arms, in and upon one * * * * an assault did make, and her the said * * * * did then and there beat, bruise, &c., contrary to the form, force and effect of the statute," &c.

*Lyman E. Knapp*, for the respondent.

The jurisdiction of a justice of the peace is only statutory. Bennett's Justice, 1; *Paine* v. *Eli*, 1 D. Chip. 37. The general statutory jurisdiction of justices is only in cases where the fine is not more than $10. R. L. s. 1666. Assault and battery is not a statutory offense, except as an ingredient of some other offense, or in its more aggravated forms. There is a distinction between "public peace" and "domestic peace." R. L. s. 3814. An assault may be made without a breach of the public peace. R. L. s. 4228 has especial reference to the maintenance of public order. 2 Bish. Cr. L. 49, 980; 1 Bish. Cr. L. 978. An assault has reference to the individual wrong or the domestic peace. *Button's Case*, 8 C. & P. 660.

The rule that the greater offense includes the lesser one of the same kind, does not help the prosecution in this case. Assault and battery may or may not be included in breach of the public peace, but certainly the latter offense is not necessarily included in assault and battery. 1 Wait Act. & Def. 333; *State* v. *Downer*, 8 Vt. 424; *State* v. *Burt*, 25 Vt. 373; *Wilds* v. *State*, 15 Ark. 204; *State* v. *Matthews*, 42 Vt. 542; 2 Swift Dig. 337.

*Eldredge* and *Slade*, for the State.

The justice had jurisdiction to fine the respondent $20. R. L. ss. 4228, 4235.

Section 4228 specifies several ways by which the public peace may be disturbed or broken, any one of which is punishable. Thus challenging, assaulting, beating or striking another is a breach of the public peace. Each one of the

offenses mentioned import a breach of the public peace. *State* v. *Riggs,* 22 Vt. 321; *State* v. *Matthews,* 42 Vt. 542; *in re Powers,* 25 Vt. 261; Bennett's Justice, 714.

The opinion of the court was delivered by

Ross, J. The respondent was complained of before a justice of the peace for an assault and battery, and there convicted and sentenced to pay a fine of $20. The respondent appealed to the County Court, and there filed a motion to dismiss the prosecution, on the claimed ground that the justice had imposed a larger fine than he was authorized by statute to impose for such an offense. She claims that the justice's jurisdiction in this respect is that conferred by sec. 1666, R. L., or the power to impose a fine not exceeding $10. The justice of the peace held that the offense charged was that defined by sec. 4228, R. L., or that of breaking and disturbing the public peace by the assault; and that by sec. 4235, R. L., he was empowered to impose a fine of $20. If the contention of the respondent is correct, inasmuch as the justice had jurisdiction of the offense, or of the process, subject-matter, and respondent, it is not quite apparent how it follows that the prosecution should be quashed or dismissed because he imposed a larger fine than he was authorized by statute to impose. The respondent had brought her case into the County Court by appeal, where that error, if it were one, could be corrected and only the lawful fine imposed. The fact that the justice in a case in which confessedly he had jurisdiction committed an error in regard to the amount of the fine he was authorized to impose, would not oust the appellate court of jurisdiction to do in the case what the justice was authorized to do, and should have done.

But passing this point, we think it would be a surprise to the profession and contrary to the almost universal practice, to hold that a justice of the peace by virtue of sections 4228 and 4235, is not authorized under the complaint to im-

pose a fine of $20. Every assault and battery is not only a wrong to the individual assaulted, but also is a breach of the peace. In 1 Bishop on Crim. Law, s. 409, the learned author says: "There are two offenses against the person and personal security usually found together and practically regarded as one; namely, assault and battery. * * * * These offenses are generally spoken of in the books as breaches of the peace; which, in a qualified sense, they are, but more. For the common law seems to hold, that men assume toward one another, in the contest of life, unfair ground, and give occasion for public interposition, whenever they wrongfully and wantonly undertake to exercise upon their victims, to their injury, any kind of physical force." On this view of the law, as well as the universal practice in this State, so far as we are informed, a criminal complaint, charging an assault and battery with force and arms, against the form of the statute and the peace of the State, is charging a breach of the peace inhibited by sec. 4228, R. L., and may be punished by the justice of the peace, before whom it is pending by a fine not exceeding $20 as provided by sec. 4235, R. L. This accords with the previous decisions of this court on this statute. In *State* v. *Riggs*, 22 Vt. 321, REDFIELD, J., in speaking of this statute, says: "The offense there defined, is, that of assault and battery together with other kindred acts of the nature named in the statute and calculated to put one in fear of bodily harm, and disturbing that quiet and repose which constitute essentially the comfort and rest of social life—as was held in *State* v. *Benedict*, 11 Vt. 236."

The judgment is, that the respondent takes nothing by her exceptions, and the cause is remanded to the County Court to be further proceeded with.