## STATE *v.* GLENN COFFIN.

*Breach of the peace.   Firing guns and blowing horns in day time.   R. L. ss. 4228 and 4234.*

1.  A complaint setting forth that the respondent " did disturb and break the public peace by tumultuous and offensive carriage, by firing guns, blowing horns, and beating tin pans," charges an offence under R. L. s. 4228.

2.  Because these acts are punishable under R. L. s. 4234 when done in the night time, it does not follow that they may not under some circumstances amount to a breach of the peach in the day time.

Complaint of a town grand juror charging the respondent with a breach of the peace under R. L. s. 4228.   Heard at the March term, 1891, Washington county, Munson, J., presiding, upon general demurrer to the complaint.   Demurrer overruled, and respondent sentenced to pay a fine of two dollars and costs of prosecution.   The respondent excepts.

*John H. Senter,* for the respondent.

The acts alleged in the complaint do not amount to a breach of the peace when done in the day time.   It is only between sunset and sunrise that they are unlawful.   R. L. ss. 4228, 4244.

*Zed S. Stanton,* States Attorney, for the State.

The complaint charges a breach of the peace in one of the modes pointed out by the statute and is sufficient.   R. L. s. 4228 ; *State* v. *Benedict,* 11 Vt. 236 ;   *State* v. *Mathews,* 32 Vt. 542.

The opinion of the court was delivered by

ROSS, Ch. J.   The demurrer admits that the respondent, at the time and place named, " did disturb and break the public peace

by tumultuous and offensive carriage, by firing guns, blowing horns and beating tin pans and other unnecessary and offensive noise." The contention is whether the public peace can be disturbed and broken by the acts charged. The complaint is brought upon R. L. 4228, which provides for the punishment of a person who disturbs or breaks the public peace, "by tumultuous and offensive carriage, by threatening, quarrelling, challenging, assaulting, beating or striking another person." In *State* v. *Mathews*, 42 Vt. 542 it is held that in charging this offence, whether by tumultuous and offensive carriage, by threatening, or by any other of the specified ways, it is not enough to charge the offence in the language of the statute, by which it is there declared the offence may be committed; but the pleader must set forth the acts by which he claims the offence was committed. Here the pleader has alleged that the offence was committed by tumultuous and offensive carriage; and has specified as the acts constituting such carriage, the firing guns, blowing horns, beating tin pans, and other unnecessary and offensive noise. The respondent contends that these are lawful acts when done in the day time, and only punishable when done in the night time under R. L. 4234. Under that section, when done in the night time, it is provided they may be charged and punished as constituting a breach of the public peace. From the language of the section it appears, that when done in the night time, they are *prima facie* a breach of the peace. But we do not think that section, by implication, provides that the doing of these acts, under all conceivable circumstances, in the day time, are lawful, and may not constitute a breach of the public peace. In *State* v. *S. S.*, 1 Tyler 180, *State* v. *Benedict*, 11 Vt. 236 and *State* v. *Riggs et al.*, 22 Vt. 321, R. L. 4228 this court has had under consideration the offence legislated against, and has defined it to be one, " calculated to put one in fear of bodily harm, and disturbing that quiet and repose, which constitute essentially the comfort and rest of social life " or " that invisible sense of security, which every man feels

State *v:* Glenn Coffin.

so necessary to his comfort, and for which all governments are instituted." The act must be one which will be likely to put a person of ordinary firmness in such a state of fear.

Firing guns, blowing horns, beating tin pans, and other unnecessary and offensive noise, may surely be so done in the day time by a reckless, frenzied or drunken man, in or about a private dwelling, or in an assembly of citizens or children, as will create in persons of the greatest firmness and coolness a just apprehension of bodily harm, and disturb the quiet and repose which constitute essentially the comfort and rest of social life. This being so we think the offence is well charged under R. L. 4228, in the language of the complaint, and that R. L. 4234 which declares such acts when done in the night time a breach of the public peace, does not prevent their constituting such a breach under R. L. 4228 when done so as to disturb the public peace as already defined, in the day time.

*Judgment that there is no error in the proceedings of the county court, and that the respondent takes nothing by his exceptions, and that execution of the sentence of the county court be enforced.*