Commonwealth *v.* Parker, Appellant.

Submitted March 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Smith B. Gephart* and *Killian & Gephart,* for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

Opinion by Cercone, J., June 15, 1972:

Defendant, Robert Parker, was convicted of conspiracy and unlawful sale of narcotic drugs and sentenced to a term of one year in prison. His motion for a new trial and in arrest of judgment was denied.

His two principal complaints are that the verdict was "contrary to the evidence, contrary to the weight of the evidence, and contrary to law" and in addition, that the trial judge erred in refusing to sustain defendant's demurrer to the evidence, and erred in his instructions to the jury in making prejudicial comments relative to defense attorney's reasons for putting defendant's prior criminal record into evidence.

A co-defendant in the case, William Stone, gave a juvenile worker and a juvenile who accompanied her two "reefer" cigarettes at a gasoline station and then asked if they wanted to buy "anything". The two girls said they did and then Stone said he would have to take them "up the street, a friend of his was working up there". The three persons went to the place of defendant's work and while the two girls waited outside Stone went into the building and appeared shortly thereafter and handed the girls two plastic packets of marijuana. At the trial the plant manager where defendant worked testified that he saw co-defendant Stone come into the building, carry on a conversation with defendant Parker, shake hands with Parker in an "unusual" manner, and then leave the building. It was after this encounter with Parker that Stone again joined the juvenile worker and her juvenile companion, and handed them the marijuana. From the attendant circumstances of the case this evidence was sufficient to prove beyond a reasonable doubt that defendant was guilty of the crimes charged. *Commonwealth v. Williams*, 443 Pa. 85, 87 (1971); *Commonwealth v. Nasuti*, 385 Pa. 436, 445 (1956).

Defendant's narration of facts in his brief which might have led the jury to a not guilty verdict was never a consideration at trial and no evidence pointing to two equally reasonable and mutually inconsistent inferences was presented at the trial. If accepting as true all of the evidence, be it direct or circumstantial or both, and all reasonable inferences arising therefrom, upon which, if believed, the jury could properly have based its verdict, such evidence is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime of which he had been convicted. Co-defendant Stone's visit to defendant Parker's place of work immediately after which he gave two packets of marijuana to the juvenile worker and her juvenile companion was a substantiation of Stone's assertion that he had to take them "up the street, a friend of his was working up there", in order to get what they wanted.

At trial after the Commonwealth closed its case, defendant took the stand and defense counsel introduced defendant's prior criminal record into evidence. Defendant complains that the trial court erred in its reference to this criminal record in charging the jury. We find no prejudicial error in the charge in which the court stated: "Now, members of the jury, that is no evidence that Parker is guilty of any offense in this case whatsoever and you must not so consider it. It is not evidence that Parker is guilty of conspiracy in this case or that he is guilty of the sale of narcotic drugs. Why is it in this case then? Well, to begin with, Parker's own counsel put it in—having been a trial lawyer myself before going on the bench, I can understand the reason and it was properly done as a matter of representing Mr. Parker for this reason: if he hadn't brought it out, I am sure that defense counsel, an able lawyer as is Mr. Zerbe, counsel for Mr. Stone and Mr. Spitzer for the Commonwealth—they

are able men—Mr. Spitzer has only been with us four (4) years so that is the reason I hesitated a little.

"The reason it was in there—if I may make an observation—this is not testimony. You don't need to take what I say as the facts and should not—because it is trial strategy that defense counsel felt that if he didn't put it in first that the Commonwealth would and that it would make it—well, an impression on the jury would be better if the defense counsel would put it in himself rather than having it brought out by the Commonwealth attorney and then making a point of it to the jury as would certainly have been done and properly so. . .

"The law is this, that when a defendant takes the witness stand and becomes a witness, he puts in issue his credibility, his worthiness of belief as a witness. . ."

Furthermore, the correctness of this portion of the charge became moot when the defense counsel requested additional instructions at the end of the general charge and the court obliged as the following colloquy shows: "The Court: . . . now, counsel for Parker requested that I state to you that he did not put in evidence Parker's past criminal record because he, the lawyer, thought it a good trial tactic, but because he wanted to show to the jury that his client, Mr. Parker, is an honest man. Does that meet your request?

"Mr. Gephart: Yes, Your Honor."

Considering the charge as a whole we find it to be correct and adequate insofar as it refers to the admission of the defendant's prior criminal record into evidence. *Commonwealth v. Butler,* 442 Pa. 30 (1971), and *Commonwealth v. Lopinson,* 427 Pa. 284 (1967).

The order of the court below is affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

I cannot accept the view of the majority that the plant manager's testimony that he saw "co-defendant

Stone come into the building, carry on a conversation with [appellant], shake hands with [appellant] in an 'unusual' manner, and then leave the building," is sufficient to support a finding, beyond a reasonable doubt, that appellant transferred the two packets of marijuana to Stone and received payment in return. *Cf. Commonwealth v. Simione*, 447 Pa. 473, 291 A. 2d 764 (1972).

Therefore, I would vacate the judgment of sentence and discharge the appellant.