Commonwealth, Appellant, *v.* Troutman.

510

Argued November 17, 1972.   Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*Robert L. Eberhardt,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellant.

*Max U. Applebaum,* for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

The Commonwealth appeals contending that the lower court erred in dismissing and quashing the information lodged against the appellee.   The lower court's decision to dismiss the information was based upon the fact that the appellee had been illegally arrested prior to the filing of the information.

On April 25, 1971, two Penn Hills Township police officers observed the appellee's motor vehicle weaving

across Allegheny River Boulevard which is located in Penn Hills Township. As the officers pursued the appellee in an effort to bring his automobile to a halt, they sounded their siren and flashed their blinking red lights. The officers, however, did not stop the appellee until his car had passed into the Borough of Verona. The Penn Hills Township officers then proceeded to arrest the appellee.

The Commonwealth raised two contentions: (1) Penn Hills Township police officers in hot pursuit of a misdemeanant may follow him into Verona in order to make an arrest, and (2) Regardless of whether or not the officers were empowered to exercise their authority in Verona, the officers could have always made a citizen's arrest.

The state legislature has authorized Township police officers to arrest a felon outside of their own township where the arrest is made as part of the hot pursuit which follows the commission of a felony. August 6, 1963, P. L. 511, No. 267, §1 (19 P.S. §11). While police officers may also make a warrantless arrest for a misdemeanor where they have probable cause to believe that such an offense is being committed in their presence *Commonwealth v. Reeves*, 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972), the legislature has not extended the authority to township police officers to cross township lines in order to make an arrest in hot pursuit of a misdemeanant. Under the present state of the law, police officers in hot pursuit of a misdemeanant must radio across township lines for assistance rather than proceed into a neighboring township to make an arrest. Until the legislature grants such power to township police officers, this court cannot permit local law enforcement officials to infringe upon the jurisdiction of other local law enforcement agencies by crossing township lines to arrest.

Trial Court Judge Loran LEWIS expressed his concern with such a result: "Although under existing law the aforementioned conclusion (dismissing an information preceded by an illegal arrest) must necessarily be reached, such a result is undersirable when considering the safety of the motoring public. Every year a staggering number of people are victims of traffic accidents. Statistics show that a substantial portion of the accidents upon the highways of this Commonwealth involve motorists who are operating their automobiles while under the influence of intoxicating liquor. There are 129 municipalities within the County of Allegheny. Under present statutes, if a police officer observes a motorist whom he suspects of being intoxicated, he must apprehend that motorist within his own jurisdiction. If he fails to do so and the motorist passes into an adjoining municipality, the officer must terminate his pursuit with the result that the suspected driver is allowed to continue his dangerous journey, thus creating a continuing danger on the road. . . . It is the duty of the legislature to use any means within their power to minimize danger to the public. It is the opinion of this court that a statute giving local peace officers the authority to pursue suspected drunken drivers into other jurisdictions would contribute to the reduction of traffic accidents within the Commonwealth."

In the instant case, the Penn Hills Township policemen sounded their sirens, flashed their lights, exhibited their badges, and made the arrest pursuant to their authority as law enforcement officials. The police officers' behavior was that of a policeman and not that of a private citizen. Once an officer invokes the power of the township to make an arrest, he cannot preserve the legality of the arrest by labelling his behavior a citizen's arrest.

The order of the Court of Common Pleas of Allegheny County dismissing and quashing the information is affirmed.

WRIGHT, P. J., and SPAULDING, J., dissent.