**Commonwealth v. Shutter**

2

*Frederick S. Wolfson,* Assistant District Attorney, for Commonwealth.

*Robert C. Rowe,* of *Spitler, Rowe & Kilgore,* for defendant.

GATES, P. J., October 16, 1973.—On November 10, 1972, at about 12:40 a.m., a North Cornwall Township police officer observed defendant traveling west on Route 422. The officer observed that the vehicle was being driven in an erratic manner by going very slow and by weaving. The officer pursued him and with his flashing red light stopped the car in the Borough of Cleona. The officer then arrested defendant and charged him with operating under the influence of intoxicating beverages. On March 23, 1973, a jury convicted the defendant.

Prior thereto, on March 5, 1973, the trial judge held a pretrial hearing on defendant's application to quash the indictment, contending that it was based upon an illegal arrest. The pretrial application was refused primarily because we were not then as yet enlightened by Commonwealth v. Troutman, 223 Pa. Superior Ct. 509, 302 A. 2d 430 (1973), which was decided three weeks later. There, it was held that:

"The state legislature has authorized Township police officers to arrest a felon outside of their own township where the arrest is made as part of the hot pursuit which follows the commission of a felony. August 6, 1963, P. L. 511, No. 267, §1 (19 P.S. §11). While police officers may also make a warrantless arrest for a misdemeanor where they have probable cause to believe that such an offense is being committed in their presence Commonwealth v. Reeves, 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972), the legislature has not extended the authority to township police officers to cross township lines in order to make an arrest in hot pursuit of a misdemeanant. Under the present state of

the law, police officers in hot pursuit of a misdemeanant must radio across township lines for assistance rather than proceed into a neighboring township to make an arrest. Until the legislature grants such power to township police officers, this court cannot permit local law enforcement officials to infringe upon the jurisdiction of other local law enforcement agencies by crossing township lines to arrest."

Factually, the Troutman case and the instant case are identical. On April 21, 1971, two Penn Hills Township police officers observed defendant's vehicle weaving across a boulevard located in their bailiwick. They pursued in an effort to halt him and, finally, by using sirens and flashing red lights, they did stop defendant in the neighboring Borough of Verona. The Penn Hills Township officers then proceeded to arrest the appellee. The Commonwealth appealed the quashing of the information lodged against defendant. The lower court was thus upheld on appeal to the Superior Court.

In the case before us, it is now unquestionable that the arrest was illegal. We fail to perceive of any distinction, such as suggested by the Commonwealth in its brief, that the issue is waived because it should have been raised by a pretrial application to quash the information and not a pretrial application to quash the indictment. The approval of an indictment by a grand jury in no way rectifies an illegal arrest.

Nor is the question of retroactivity applicable in this case. While it is true that defendant here was tried and convicted prior to the Superior Court's announcement of its decision in the Troutman case, the Superior Court applied the principle to a violation which occurred on April 25, 1971. The offense here allegedly occurred more than a year afterwards. Certainly if the Troutman principle is applicable to a 1971 violation, it is equally applicable to one which occurs in 1972.

While we regret the present status of the law as it

pertains to arrests for driving under the influence, the deplorable situation has been created by the legislature and can be corrected only by that august body. But until action is taken by the General Assembly, we cannot empower municipal police officers with powers the legislature failed to give them.

ORDER

And now, to wit, October 16, 1973, defendant's post trial motion to arrest the judgment is granted, defendant is discharged and the costs are to be paid by the County of Lebanon.