## Commonwealth v. Costella

*Oscar F. Spicer,* District Attorney, for Commonwealth.

*Robert E. Campbell,* for defendant.

MACPHAIL, P. J., November 20, 1973.—Defendant was charged with driving while under suspension. A complaint for his arrest was filed July 5, 1973. He was arraigned September 4, 1973, and indicted September 10, 1973. On September 6, 1973, pursuant to his request for the appointment of counsel, the public defender was appointed to represent him. On October 9, 1973, pursuant to defendant's waiver of the right to a jury trial, defendant's case was called for trial.

At that time, defendant presented a motion to quash the indictment on the ground that he had been illegally arrested. We took the motion under advisement and heard the evidence in the case. From the

evidence it appears that defendant was stopped by a Gettysburg Borough policeman who pursued defendant into Cumberland Township. At the time defendant was stopped, there was a warrant outstanding for his arrest for operating while under suspension, first offense, but that warrant was not in the possession of the arresting officer.

In Commonwealth v. Troutman, 223 Pa. Superior Ct. 509 (1973), it was held that Pennsylvania's "hot pursuit" statute was limited to felons[1] and that a warrantless arrest for the commission of a misdemeanor made by a municipal policeman beyond the territorial limits of the municipality by which he was employed was illegal. Therefore, it does appear that the arrest in the instant case was illegal.

However, the Commonwealth contends that once defendant has been indicted it is too late to raise the question of the legality of his arrest. In Commonwealth v. Weinstein, 177 Pa. Superior Ct. 1 (1954), Judge Woodside, speaking for a unanimous court, said, at page 2: "It has long been held that a defendant in a criminal case may not raise a question touching upon the *legality of his arrest* or the regularity of the proceedings before the magistrate after an indictment is found." (Italics supplied.) See also Commonwealth v. Smith, 212 Pa. Superior Ct. 403 (1968).[2]

Indeed, where the lower court has ruled in defendant's favor on a motion to quash because of the

---

[1] The Act of August 6, 1963, P. L. 511, 19 PS §11, was amended by Act No. 109, Sessions of 1973, effective November 2, 1973, to provide that "hot pursuit" also applies to the commission of misdemeanors.

[2] There is some authority, apparently not yet adopted in Pennsylvania, that where the arrest is "void ab initio," such as a jurisdictional defect, the defect cannot be waived. See 5 Am. Jur. 2d, Arrest §117, and 4 Wharton's Crim. Law & Proced. §1585.

alleged illegality of the arrest, although the motion to quash was not filed until after indictment, the court has been reversed for doing so: Commonwealth v. Murawski, 101 Pa. Superior Ct. 430 (1931), and Commonwealth v. Hans, 68 Pa. Superior Ct. 275 (1917). In Commonwealth v. Fedulla, 89 Pa. Superior Ct. 244 (1926), the court, after reciting the dates of the various proceedings against defendant, observed, at page 246:

"It thus appeared that there was ample time, before indictment found, for the defendant to challenge the legality of his arrest and being held for trial to answer the charge by a proceeding to be discharged from custody, or to be released from his recognizance and discharged without day. *Instead of doing this he waited until he was called for trial,* when he moved to quash the indictment upon the ground of the illegality of his arrest; it was then too late to raise the question by a motion to quash the indictment." (Italics supplied.)

As we have noted, defense counsel here is the public defender. Our high regard for his diligence to his task has been stated publicly. Here, he claims he had no opportunity to talk with his client until after he had been indicted. This, of course, is neither counsel's fault nor our own. Defendant was advised of his right to counsel in July by the district justice of the peace. It was not until two months later that he applied for counsel. Had he been diligent, he could have raised the defense. While great burdens have been cast upon the criminal courts to protect the rights of defendants, there is still some responsibility which must be assumed by defendant himself. Here, defendant has failed to discharge that responsibility.

In spite of the equities in the case, we feel that in

light of the appellate authorities we have cited, we have no recourse but to refuse the motion to quash.

The evidence was amply sufficient to find defendant guilty of the charge against him.

## ORDER OF COURT

And now, November 20, 1973, the motion to quash is refused. The court finds defendant guilty as charged. Defendant shall appear for sentencing at the call of the district attorney.