## Commonwealth v. Harrington

*Roda, Morgan, Hallgren & Heinly*, for motion.
*Henry S. Kenderdine, Jr., Assistant District Attorney*, contra.

BUCHER, *J.*, February 12, 1975—This is a motion to suppress evidence secured as the result of an alleged illegal arrest. Defendant was charged by the Manheim Township Police with driving under

the influence. The arrest was made by a Warwick Township police officer who first suspected defendant of speeding in Warwick Township. By the time he caught up with defendant's vehicle it had crossed over into Manheim Township. At this time the officer first suspected defendant of operating under the influence. He notified Manheim Township Police of his suspicions and then abandoned his pursuit after losing track of defendant. He later came upon defendant's vehicle in Manheim Township and, after a radio communication with Manheim Township Police, and at their request, apprehended defendant. The Manheim Township Police then arrived on the scene and took defendant to the police station for a breathalyzer test.

The Commonwealth concedes that the "hot pursuit" statute [Act of September 18, 1961, P.L. 1464, as amended 19 PS 11,] is not applicable. Not only was the pursuit abandoned but the Warwick officer did not see any evidence of operating under the influence while defendant's vehicle was in Warwick Township.

The Commonwealth urges that the arrest was valid as a "citizen's arrest" and cites the case of Commonwealth v. Giles, 57 D. & C. 2d 13 (1972). However, the recent case Commonwealth v. Troutman, 223 Pa. Superior Ct. 509, 302 and 430 (1973) holds that "Once an officer invokes the power of the township to make an arrest, he cannot preserve the legality of the arrest by labelling his behavior a citizen's arrest." (page 512).

And now, February 12, 1975, for the foregoing reasons the motion to suppress is granted and all evidence seized or obtained as the result of the arrest by the Warwick Township police officer shall be excluded at trial.