385 A.2d 530

COMMONWEALTH of Pennsylvania

v.

Kenneth R. BABLE, Appellant.

Superior Court of Pennsylvania.

Argued April 15, 1976.

Decided April 13, 1978.

William J. Rundorff, Sharon, for appellant.

Charles S. Hersh, Assistant District Attorney, Sharon, with him Joseph J. Nelson, District Attorney, Mercer, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Mercer County, Criminal Division and involves the issue as to whether certain evidence used against the defendant, Kenneth Bable, at trial should have been suppressed.

The defendant and a co-defendant were arrested on January 28, 1973 and charged with burglary, possession of burglary tools and conspiracy. A motion to suppress evidence was filed by the defendant on May 3, 1973. The motion was denied on May 10, 1973. The defendant was found guilty of the charges by a jury on May 22, 1973. After post-trial motions were denied and the defendant sentenced, this appeal followed.

The facts established that on January 23, 1973, Officer James Reel of the Greenville Police Department received a

radio call in his patrol car that a burglar alarm was ringing at a store in Hempfield Township, an adjoining municipality. Responding to the call, Officer Reel arrived on the scene to see a Buick automobile parked near the door of the store. As the Buick began to move away from the scene Reel noticed two people inside the vehicle. He then received a call from a Hempfield Township police officer who was on the way to the scene of the crime. The other officer asked Reel to follow the Buick and to apprehend its occupants for questioning. Reel did this finally catching up to the Buick in Adamsville in Crawford County. At that point Reel stopped the Buick, occupied by the defendant and a co-defendant, arrested the occupants, and searched the vehicle. During the search he discovered a screwdriver under the seat of the vehicle which had green and white paint on it. The screwdriver was later introduced into evidence at trial as the door to the store was scratched and had been painted with white and green paint. Defendant had filed a suppression motion asking that the screwdriver be suppressed because Officer Reel did not have probable cause to make a lawful arrest. Defendant's attorney did not raise the issue of whether the arrest was unlawful because Reel did not have the authority to arrest defendant since he was a Greenville policeman. Defendant has new counsel on appeal who raised the issue on post-trial motions and in this appeal.

There is no doubt that the arrest of the defendant and co-defendant by Officer Reel was unlawful because he had no authority to arrest anyone in Hempfield Township. In *Commonwealth v. Troutman*, 223 Pa.Super. 509, 302 A.2d 430 (1973), decided March 27, 1973, we held that the *Act of August 6, 1963, P.L. 511, No. 267, § 1 (19 P.S. 11)* did not give local police the right to make arrests outside of their own municipalities unless the arrest was made after hot pursuit and of a suspected felon. In our case, the arrest was made of a suspected felon and after "hot pursuit" but the hot pursuit began in Hempfield Township and not in Greenville where Reel was authorized to act. Thus, the arrest of the defendant was unlawful as Hempfield and Greenville did

not have any municipal agreements allowing police officers of one municipality to arrest in the other. The police departments of each municipality had a "tacit" agreement to that effect. However, such an agreement made between police departments does not confer authority to make such arrests because only the municipalities may enter into such agreements. Police departments have no authority to do so. It should also be pointed out that *Troutman, supra,* had been decided at the time of defendant's suppression hearing although it had not yet been printed in the advance sheets. The lower court held that because the defendant's attorney did not advance this theory at the suppression hearing it is waived, although it was raised on post-trial motions. It should also be noted that the co-defendant, who was on trial later than the defendant because the co-defendant had fled after his arrest, did raise the *Troutman* issue by moving to quash the indictment against him and did have the indictment quashed. This resulted in the prosecution against him being terminated.

The sole question here is whether the defendant waived his right to raise the *Troutman* case issue when he failed to advance it at his suppression hearing. In the event that we so hold, the defendant has raised the issue of incompetency of his counsel for failing to raise this issue at that time.

 Since the arrest of the defendant was unlawful any evidence seized as a result of the arrest would have to be suppressed as the fruit of an unlawful arrest. The Commonwealth concedes in its brief that the arrest of the defendant was unlawful because of the lack of legal authority for Officer Reel to make the arrest. However, it argues that defendant waived his right to raise the issue because he failed to advance it below. The lower court in its opinion cites *Pa. Rules of Crim. Pro. # 306(e)* which holds that "[a]ll grounds for the relief demanded shall be stated in the motion [for such relief] and failure to state a ground shall constitute a waiver thereof." The court then denied the defendant's post-conviction relief for failure to advance the contention at the suppression hearing that defendant's ar-

rest was unlawful due to Officer Reel's lack of authority to make the arrest. In *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973), cited by the defendant, our Supreme Court held that where a motion for suppression of a defendant's confession was based on a claim of invalidity of the confession, the fact that the ground of the invalidity asserted on appeal was different from the ground asserted at trial did not preclude the appellate court from reviewing the claim. The court went on to say that "Merely because appellant advances a new or different theory as a basis for relief, the ground or issue remains precisely the same". Citing *Commonwealth v. Slavik*, 449 Pa. 424, 430, 297 A.2d 920, 923 (1972). The court concluded that the ground for relief requested in *Wayman* was the invalidity of the confession and appellant was not precluded from raising legal theories to support such claims on appeal which were different than the theories advanced below. However, in *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975) the Pennsylvania Supreme Court overruled its earlier reasoning in *Wayman, supra*, stating:

"To make a distinction turn upon the fact that one is merely advancing a new theory, creates a fiction which frustrates the very purpose sought to be accomplished by a strict application of waiver".

See also, *Commonwealth v. Hunter*, 240 Pa.Super. 23, 360 A.2d 702 (1976) and *Commonwealth v. Polof*, 238 Pa.Super. 565, 362 A.2d 427 (1976) for other applications of the *Mitchell* holding. It is now clearly the law of Pennsylvania that the *Wayman* holding has been abolished in favor of strict application of the waiver rule. Had the issue of the unlawful arrest due to Reel's lack of authority to make it been raised here for the first time it would not be cognizable under *Mitchell* and its progeny. However, this issue was raised in defendant's post-trial motions. The court below declined to award a new trial, however, because this matter was not raised at the suppression hearing. The court went on to say in its opinion that the *Troutman* holding, although not reported at the time of the suppression hearing, was

merely a common sense reading of the law and that therefore defendant's counsel should have been aware of the fact that defendant's arrest was unlawful due to Reel's lack of authority at the time of the suppression hearing.

Thus, the court decided that no excuse existed for defendant to fail to raise this issue prior to his post-trial motions and that therefore he waived the issue. Of course, if that is so then defendant should be awarded a new trial due to incompetency of counsel. I find it difficult to hold counsel incompetent for not raising an issue which was decided in a case about which he could not know. We should not hold an attorney incompetent for not anticipating what the holding of our courts might be. Therefore, I feel that the court below should have awarded defendant a new trial after defendant raised the *Troutman* issue in his post-trial motions. The point is that defendant did raise the *Troutman* issue as soon as he became cognizant of it and he raised it at a time when it was still within the power of the trial court to do something about it.

The judgment of sentence is reversed and a new trial granted.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

HOFFMAN and SPAETH, JJ., concur in the result.