410 A.2d 838

**COMMONWEALTH of Pennsylvania**

v.

**Richard J. ANZALONE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Sept. 19, 1979.

Reargument Denied Jan. 10, 1980.

Petition for Allowance of Appeal July 28, 1980.

550

George P. Micacchione, Ellwood City, for appellant.

Howard C. Klebe, Assistant District Attorney, New Castle, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that: 1) the evidence is insufficient to sustain the verdict; and 2) he was illegally arrested. We agree that the evidence is insufficient to sustain part of the verdict and that appellant was unlawfully arrested. Therefore, we discharge appellant on one count and vacate judgment of sentence on two counts. We otherwise affirm judgment of sentence.

On June 29, 1977, a court sitting without jury convicted appellant on the following charges: No. 258, possession of ¼ pound of marijuana with intent to deliver; No. 258A, possession of ¼ pound of marijuana; No. 258B, conspiracy to deliver ¼ pound of marijuana; No. 258C, possession of three pounds of marijuana with intent to deliver; No. 258D, possession of three pounds of marijuana; No. 258E, conspiracy to deliver three pounds of marijuana; No. 258F, possession of ½ pound of marijuana with intent to deliver; and

No. 258G, possession of ½ pound of marijuana. After denying post-verdict motions, the trial court sentenced appellant to five concurrent terms of imprisonment of 2½ to 5 years. This appeal followed. In a previous trial, appellant's alleged coconspirator had been found not guilty of conspiracy to deliver ¼ pound of marijuana.

On January 3, 1977, the New Castle Township Police, Lawrence County, requested the Mercer County Narcotics Unit to assist in a drug investigation. The Mercer unit dispatched Dana Frankenburg and several other officers. Working undercover, Frankenburg and an informant met appellant at his home. Frankenburg said that he wanted to buy several pounds of marijuana and appellant invited him into the apartment. After a discussion, appellant said that he would go to the home of a friend named Kenny, pick up 3 to 5 pounds of marijuana and return in about an hour, when he would meet Frankenburg and the informant. When Frankenburg and the informant returned in the afternoon, appellant informed them that Kenny had not been home and he could sell only ¼ pound of marijuana for $115.00. Frankenburg bought the marijuana, using marked bills. Appellant asked Frankenburg to return the next morning to complete the transaction.

In the morning, police officers observed appellant drive to a home in Shenango Township, Lawrence County, owned by Kenneth Anderson. He entered and soon came out with a red bag, which he took to his apartment. Frankenburg and the informant arrived at appellant's home about two hours later. Appellant told him that, because Frankenburg was late, he had returned the marijuana to Kenny's house. Frankenburg asked if he could still buy the marijuana and appellant invited the officer and the informant to accompany him to Kenny's for the sale. Frankenburg issued a radio report announcing that the sale would occur soon at the Anderson home.

While the 3 men drove to Kenny's, the New Castle police surrounded the Anderson home. Appellant parked in front of the house, entered alone and returned carrying a red bag.

Inside the car, appellant opened the bag, revealing 3 pounds of marijuana. Frankenburg paid for the bag, immediately identified himself and announced that appellant was under arrest. While Frankenburg executed the arrest, two officers from the Mercer unit, one New Castle policeman and a Lawrence County detective approached the car. A Lawrence County deputy was also present, but neither he nor the Lawrence County detective participated in the arrest.

In custody, appellant signed a form consenting to a search of his apartment. In this search, the police discovered 12 plastic bags containing a total of about ½ pound of marijuana. Later the same day, the police obtained a search warrant for the Anderson home and there discovered $70.00 in marked bills which Frankenburg had used to buy ¼ pound of marijuana the day before.

■  Appellant contends that the evidence is not sufficient to sustain his convictions for possession, possession with intent to deliver and conspiracy to deliver marijuana. The evidence is clearly sufficient to support the verdict of guilty on the three possession charges, Nos. 258A, 258D and 258G. Frankenburg testified that he observed appellant in possession of ¼ pound and of 3 pounds of marijuana. The search of appellant's apartment revealed possession of the ½ pound of marijuana. The evidence is also sufficient to support the charges of possession of these quantities with intent to deliver, Nos. 258, 258C and 258F. Appellant stated that he would sell the ¼ pound and the 3 pounds of marijuana and did so, and the ½ pound was divided into 12 bags resembling those used for distribution. In addition to these circumstances, the quantity and value of the marijuana indicated that it was for sale, not merely for personal use. *See* *Commonwealth v. Harmes*, 255 Pa.Super. 147, 386 A.2d 551 (1978); *Commonwealth v. Kishbach*, 247 Pa.Super. 557, 373 A.2d 118 (1976); *Commonwealth v. Cubler*, 236 Pa.Super. 614, 346 A.2d 814 (1975) (allocatur refused).

■  We find the evidence sufficient to support conviction for conspiracy to deliver 3 pounds of marijuana, charge No.

258E. Appellant told Frankenburg that he was obtaining the marijuana from Anderson; the police observed appellant enter Anderson's home and come out with a red bag similar to the red bag containing the 3 pounds of marijuana he sold to Frankenburg; appellant later entered the Anderson home to pick up the second red bag to complete the transaction; and the police discovered in the home marked bills which Frankenburg had used to buy marijuana from appellant less than 24 hours earlier. This evidence indicated that appellant and Anderson had agreed to sell marijuana, that Anderson was supplying appellant and that appellant had paid Anderson between the time he sold Frankenburg ¼ pound and the time of arrest. A jury could rationally conclude from these facts that the Commonwealth had proved beyond a reasonable doubt conspiracy to sell 3 pounds of marijuana. *See Commonwealth v. Cubler, supra; Commonwealth v. Parker*, 221 Pa.Super. 334, 292 A.2d 454 (1972).

We must, however, reverse the conviction for conspiracy to deliver ¼ pound of marijuana, charge No. 258B. In a separate trial, Anderson, appellant's only named coconspirator, was acquitted of conspiracy to deliver the ¼ pound of marijuana. "Where there are only two named co-conspirators in the information or indictment, and one is acquitted, the other cannot be convicted." *Commonwealth v. Fant*, 263 Pa.Super. 533, 538, 398 A.2d 704, 707 (1979); *accord, Commonwealth v. Campbell*, 257 Pa.Super. 160, 390 A.2d 761 (1978), aff'd, 484 Pa. 386, 399 A.2d 130 (1979); *Commonwealth v. Hunter*, 240 Pa.Super. 23, 360 A.2d 702 (1976) (allocatur refused). Appellant will be discharged on this charge.

Appellant also contends that evidence seized should have been suppressed as the product of an unlawful arrest. He argues that Frankenburg lacked authority to execute an arrest outside his own county. By statute, a police officer has authority to make arrests outside his jurisdiction only when in pursuit of a felon or misdemeanant who has committed a crime in his jurisdiction. *See* Act of August 6, 1963, P.L. 511, 19 P.S. § 11, as amended (Supp. 1978–79);

repealed, Act of April 28, 1978, P.L. 202, effective June 27, 1978, *Commonwealth v. England*, 474 Pa. 1, 375 A.2d 1292 (1977); *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Bable*, 254 Pa.Super. 72, 385 A.2d 530 (1978); *Commonwealth v. Robb*, 238 Pa.Super. 62, 352 A.2d 515 (1975); *Commonwealth v. Troutman*, 223 Pa.Super. 509, 302 A.2d 430 (1973). Here, Frankenburg, a Mercer County officer, arrested appellant in Lawrence County. Frankenburg lacked authority to make the arrest because appellant had not, as required by statute, committed a crime in Mercer County.

■ The Commonwealth argues that Frankenburg was authorized to make the arrest because Lawrence County officers were nearby at the time of arrest. One of these officers testified at the suppression hearing. He said that he had not supervised or engaged in the investigation and did not participate in the arrest. He was at the New Castle Police Station when Frankenburg's radio report came in and proceeded with other officers to Anderson's house. The parties stipulated at trial that neither of the Lawrence County officers took part in arresting appellant. The mere presence at the Anderson home of Lawrence County officers did not convert an arrest executed by Frankenburg into one by those officers. The Commonwealth also contends that Frankenburg lawfully performed a "citizen's arrest." This Court rejected the Commonwealth's argument 6 years ago. *See Commonwealth v. Troutman, supra.* Likewise, the New Castle police and the Lawrence County officers could not empower Frankenburg to perform an arrest he was otherwise without authority to make. *Commonwealth v. Bable, supra* (only municipalities, not police departments, can agree that officers from one municipality may enter the other to execute arrests not permitted by 19 P.S. § 11).

Therefore, we conclude that appellant's arrest was unlawful. Accordingly, the evidence seized as a result of the arrest should have been suppressed. *Id.* Directly following the arrest, the police searched appellant's apartment, uncovering ½ pound of marijuana with respect to charges Nos.

258F and 258G, possession and possession with intent to deliver ½ pound of marijuana, admission into evidence of the ½ pound seized was not harmless error beyond a reasonable doubt. *See Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1977). Appellant's convictions on those two charges must be reversed.

We vacate judgment of sentence and discharge appellant on charge No. 258B; vacate judgment of sentence and remand for a new trial on charges Nos. 258F and 258G; affirm judgment of sentence in all other respects; and remand for resentencing on the convictions affirmed. *See Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978); *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).