## Commonwealth v. Welsh

*Samuel Teeter,* for Commonwealth.
*Walton V. Davis,* for defendant.

SPICER, *P.J.,* September 2, 1980—Defendant, while driving an automobile west of Abbottstown was clocked by Chief Powers of Oxford Township, directed to stop, and refused to do so. Thereafter a high speed chase occurred. The chase continued through Abbottstown and toward East Berlin. Chief Powers by radio ascertained the identity of defendant from Chief Williams, requested assistance and thereafter broke off pursuit. He said he did this to minimize danger and because he was leaving further action in the hands of the East Berlin police.

Chief Williams stationed himself outside his police cruiser a short distance to the South of East Berlin borough line. When defendant approached,

Chief Powers directed him to stop and defendant failed to do so.

Defendant was charged with various offenses including violation of section 3733 of the Vehicle Code, 75 Pa.C.S.A. §3733, for failing to stop for Chief Powers early in the pursuit and for thereafter failing to stop for Chief Williams.

Following a hearing, defendant was found guilty of violating section 3733 with respect to the signals of Chief Powers but at the request of defendant the matter relating to Chief Williams was taken under advisement and briefs were submitted.

It was undisputed that Chief Williams was outside the borough line when he signalled defendant and was in a township with which East Berlin had no mutual aid agreement.

Issues, as the court sees them, are (1) Was Chief Williams authorized to act a short distance outside the borough line for this type offense? (2) Does the section apply only when there is a police vehicle in pursuit? (3) Can Chief Williams' actions be authorized under a theory of deputization or agency?

In a case repealed by provisions of 42 Pa.C.S.A. §8901, the Superior Court invalidated an arrest effectuated after fresh pursuit into a township where the officer had no authority: Com. v. Troutman, 223 Pa. Superior Ct. 509, 302 A. 2d 430 (1973). Section 8901 now authorizes fresh pursuit.

The Troutman case is still authority that a municipal police officer has no authority to arrest outside the confines of that municipality without express statutory authority.

However, the court does not interpret Troutman as invalidating every act by a police officer conducted outside his municipal limits. We think such

actions are proper when the results of those actions can reasonably be expected to cause a stop within the proper municipality. In this case, if the stop would have occurred within the borough, the action by Chief Williams would have been official.

However, the Commonwealth concedes in its brief that Chief Williams was attempting to stop defendant before he entered the borough. Therefore, we hold that the Troutman case does apply and that the chief's actions were not authorized by fact of his being an East Berlin policeman.

The question then becomes whether Chief Williams was authorized by any other theory.

Chief Powers certainly had the right to pursue and stop defendant. This being so, defendant violated section 3733 when he failed to stop for Chief Powers.

It is clear that Chief Powers could have continued the pursuit. He chose not to do so because of safety considerations and instead relied upon the aid of Chief Williams. The court is of the opinion it would be very bad policy to render a decision in this case which would require such continued pursuit. We think that police officers should be able to request assistance and to rely upon that assistance in such a way as to minimize hazards.

The speed at which defendant operated his vehicle was very excessive. Roads were narrow and anything but smooth and straight in places. The pursuit constituted great danger to the officer and to others.

Chief Powers had three alternatives in this case: (1) to continue the pursuit, (2) to break it off and allow defendant to escape, or (3) to request assistance. If we hold that the third alternative is not authorized, we are telling the police they must

either continue a chase or allow the violator to escape.

The court cannot accept this position.

Therefore, we hold that Chief Williams was authorized to act as agent for Chief Powers.

We then arrive at the third consideration of this case and that is whether the signal must have been given by a pursuing police vehicle.

The Vehicle Code contains two provisions relating to signals of police. Section 3102 requires all persons, drivers and pedestrians, to obey signals of uniformed officers authorized to direct traffic. Section 3733 applies only to drivers and carries more substantial penalties. It would also seem to apply only to situations in which the driver is being pursued by a police officer. It does not require, however, that the signal be given by an occupant of that vehicle.

For reasons expressed in this opinion the court finds defendant guilty. The sentence of the court is that defendant pay a fine in the sum of $200 and the costs of this prosecution.