## Commonwealth v. Kuykendall

*Roy A. Keefer,* assistant district attorney for the Commonwealth.

*David K. James, III,* for defendant.

SPICER, *P.J.,* April 4, 1984—This case involves an interpretation of 42 Pa.C.S.A. §8953 and whether an arrest in a township by a borough police officer was authorized by that statute.

Defendant was arrested for driving under the influence of alcohol on August 5, 1983. The arrest was made by Larry D. Dillon, a police officer employed by the Borough of Fairfield. The arrest occurred in the Township of Hamiltonban which adjoins Fairfield on the East.

Main Street in Fairfield is Pennsylvania Route 116. Main Street courses through the borough and most development is concentrated along this street. Officer Dillon was patrolling Main Street on August 5, 1983, driving his police car eastwardly. When he arrived at the Hamiltonban Township boundary line it was necessary for him to leave the Borough for a short time and distance in order to turn around. While turning and preparing to reenter the borough, to patrol westwardly, he saw defendant's car coming toward his location. Defendant's car was over the center line of Main Street. Officer Dillon waited for the car to go by, then took up pursuit, intending to stop for a violation of 75 Pa.C.S.A. §3301.

The pursuit and stop occurred completely in Hamiltonban Township.

Officer Dillon noted classic signs of intoxication after stopping the defendant and arrested him for driving under the influence.

Defendant filed an omnibus motion to suppress the evidence obtained as a result of the arrest and also to dismiss the information against him. The court, after an evidentiary hearing, dismissed the omnibus motions. A bench trial held subsequently resulted in verdicts of guilty. Post-verdict motions were filed based upon the pretrial rulings.

The following facts have been clearly established:

1. The officer personally observed a traffic violation that would have justified a stop.

2. The traffic violation occurred within the employing jurisdiction.

3. The officer was outside the boundaries of the employing jurisdiction when he observed the traffic violation.

4. Pursuit began at a point outside the employing jurisdiction and was fresh, continuous, and uninterrupted to the point of stop.

5. Observations from which the officer concluded that defendant was under the influence of alcohol included some made for first time outside the employing jurisdiction.

6. Except for the statute, the officer had no power to arrest in the township.

The sole issue presented in the case is whether pursuit must begin within the employing jurisdiction. If Officer Dillon had been within Fairfield's limits when he observed the infraction, he clearly would have had the right to pursue and to stop. Defendant does not contend otherwise. However, defendant argues that the meaning of the statute is

that pursuit must be from within the employing jurisdiction to the point of arrest.

The statute provides, in part, that an officer has power to arrest outside his employing jurisdiction.

(2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense. 42 Pa.C.S.A. §8953(a)(2)

Defendant's main support comes from language found in Judge Brosky's opinion in Commonwealth v. Fiume, 292 Pa. Super. 54, 436 A.2d 1001 (1981). That case involved a fact situation that can hardly be compared with the one at bar. In Fiume, an Officer Myers investigated a car accident, observed and sent three occupants to a hospital. Myers then contacted another officer, Focareta, who was investigating another accident at that hospital, and instructed the latter to collect information. Focareta concluded that Fiume was under the influence after seeing him in the hospital. Fiume was subsequently convicted of driving under the influence and of involuntary manslaughter. The Superior Court reversed and awarded a new trial. Six justices decided the case. Four concurred in the result and one dissented.

Although the precedential value of the opinion is subject to some doubt, Judge Brosky's opinion contains two statements which lend credence to defendant's argument:

We also hold that the pursuit must begin both in the jurisdiction where the police are authorized to act and in that jurisdiction where the crime is committed. Commonwealth v. Anzalone, supra;* Com-

---

* 269 Pa. Super. 549, 410 A.2d 838 (1980).

monwealth v. Bable, 254 Pa. Super. 72, 385 A.2d 530 (1978). 292 Pa. Super. at 60, 436 A.2d at 1004.
and

Any actions by Officer Focareta began outside his jurisdiction and, therefore, were beyond any conceivable reasoning involving pursuit. Id. at 65, 436 A.2d at 1006.

However, a reading of the opinion as a whole leads one to the inescapable conclusion that the court's holding was based on a lack of pursuit and any basis for a pursuit. The investigating officer, Myers, lacked probable cause to arrest. He did not instruct Focareta to arrest but rather to gather information.

The facts in our case are in marked contrast. The arresting officer personally observed acts committed within the Borough which would have justified a stop and a pursuit. If we adopt defendant's argument, we would be engrafting in the statute a hypertechnical requirement not justified by its plain language. We are instructed to construe the statute in a liberal, common sense manner. Commonwealth v. Magwood, _____ Pa. _____, 469 A.2d 115 (1983).

Doing so, we conclude again that the arrest was lawful.

## ORDER OF COURT

And now, this April 4, 1984, defendant's post-verdict motions are refused. He is directed to report forthwith to the Probation Office to arrange for a CRN report. He is directed to appear for sentencing May 16, 1984, at 9:00 a.m.