## STATE v. JAMES CHRISTIE.

### February Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

### Opinion filed March 24, 1924.

*Criminal Law—Breach of the Peace—Motion in Arrest of Judg-
ment—Sufficiency of Allegation in Complaint as to Place
Where Crime was Committed—Breach of the Peace by
Shouting Epithets—Question as to Certain Defects in Com-
plaint Cured by Verdict—Supreme Court May Affirm
Overruling of Motion in Arrest Although Its Sufficiency Not
Challenged by State.*

1. In a prosecution for committing a breach of the peace, evidence
   that the respondent, after midnight, went along the highway
   past houses occupied by non-union workmen and their families,
   shouting "scab," "bozo," and "rats," to the annoyance, disturb-
   ance, and alarm of the people living therein, warranted a con-
   viction.

2. A breach of the peace does not necessarily involve intimidation
   and putting in fear, but may consist of acts that disturb the
   quiet, repose, and tranquillity essential to the rest and comfort
   of well-ordered social life.

3. "Breach of the peace" is not defined by G. L. 6997, the statute
   merely specifying certain ways of committing it, and the term,
   being generic, includes all violations of the public peace or
   order, and anything that amounts to "tumultuous and offensive
   carriage" is a breach of the peace under the statute.

4. A motion in arrest of judgment should be in writing.

5. A motion in arrest of judgment in a criminal prosecution, which
   asserts that the facts alleged in the complaint are not sufficient
   to charge a crime, but fails to point out in what particular or
   particulars the allegations are deficient, is not sufficiently
   specific to require attention.

6. In a prosecution for a breach of the peace, a complaint which
   charged that the crime was committed "at Barre, in the
   County of Washington," sufficiently alleged where the crime
   was committed.

7. A complaint for a breach of the peace by the shouting of certain epithets in the hearing of non-union laborers was not defective for failure to allege that such epithets were used with reference to some particular person, where they were terms of contempt, reproach, and opprobrium.

8. In such a prosecution it is too late, after verdict, to raise the question that the complaint was defective in failing to allege that the epithets complained of were used with reference to any particular person.

9. On review in a criminal prosecution, the failure of the State to challenge the sufficiency of a motion in arrest of judgment will not prevent the Supreme Court from affirming the ruling of the lower court overruling the motion on the ground of its insufficiency.

COMPLAINT for breach of the peace. Plea, not guilty. Trial by jury in the Barre city court, *H. William Scott*, Judge. Verdict, guilty. Judgment on the verdict. The respondent excepted. The opinion states the case. *Exceptions overruled.*

*Deane C. Davis* for the respondent.

*Charles B. Adams*, State's attorney, for the State.

POWERS, J.  The respondent was convicted in the city court of Barre on a complaint charging him with a breach of the peace. At the close of the evidence, he moved for a verdict on the grounds, so far as here involved, that there was no evidence in support of the complaint, and that there was no evidence of any act or conduct amounting to a breach of the peace. The motion was overruled, and the respondent excepted. After verdict, he moved in arrest of judgment. This motion was also overruled, and he excepted.

[1-3]  It is agreed that at the time in question, labor trouble existed in the granite industry in the district round about Barre, the union men being out on a strike, and that some non-union men were at work under open-shop conditions, or under the American Plan, as it is now called, in the so-called Boutwell quarry. It can hardly be said that these facts were proved, but the trial seems to have proceeded on the theory that they were so

well known that no proof was required. The evidence tended to show that these non-union men were called "scabs," "bozos," and "rats" by the strikers and their sympathizers; that some of these non-union workers lived at Upper Graniteville; that the respondent, a youth 17 years of age, sometime after midnight on the occasion in question, went along the highway past some of the houses occupied by non-union men and their families, shouting "scab," "bozo," and "rats," to the annoyance, disturbance and alarm of the people living therein. That this conduct warranted the conviction is too plain to require extended discussion. A breach of the peace frequently involves intimidation and putting in fear; but not necessarily so. When the offense is committed by threatening and quarrelling, it may involve these elements; and expressions are to be found in our cases that these elements are always essential. *State* v. *Coffin,* 64 Vt. 25, 23 Atl. 632, seems to assume that fear of bodily harm must result from the act charged. But this is not so. The acts proved in that case amounted to a breach of the peace, though no one was frightened, for they disturbed the quiet, repose, and tranquillity essential to the rest and comfort of well-ordered social life. Much more would this be true, if the acts were done in the night time. G. L. 6997 does not define the crime known as a breach of the peace. It merely specifies certain ways of committing it. *State* v. *Boyd,* 91 Vt. 88, 99 Atl. 515. It may be committed in ways other than those specified—the term "breach of the peace" being generic, and including all violations of the public peace or order. *State* v. *Mancini,* 91 Vt. 507, 101 Atl. 581. Anything that amounts to "tumultuous and offensive carriage" is a breach of the peace under the statute. This term embraces an endless variety of acts and incidents. Disturbances in the night time by shouting alone may constitute the crime, though the expressions used may be innocent and harmless. The motion for a verdict was properly overruled.

[4]    The motion in arrest, too, was properly overruled. The record does not show that this motion was in writing, and it is probable that we would be justified in affirming the ruling on that ground, under the authority of *State* v. *Donalazzi,* 94 Vt. 142, 109 Atl. 57. Lest injustice be done, however, we deem it best to consider the questions presented under the motion.

[5, 6]    It was predicated below on six grounds. Of these,

the first and sixth assert that the facts alleged are not sufficient to charge a crime. In what particular or particulars the allegations are deficient is not pointed out. Such a motion is not sufficiently specific to require attention. *State* v. *Donalazzi, supra.* The second ground of the motion is that the complaint does not allege *where* the crime was committed. But this is refuted by the record, which shows that it was charged it was "at Barre, in the County of Washington." This was undeniably sufficient. *State* v. *Suiter,* 78 Vt. 391, 63 Atl. 182.

[7, 8] Another ground specified is that it is not alleged that the epithets set forth were used with reference to any person. But these were the insulting names attached to the laborers who chose to disregard the demands of the union and work under the American Plan. They were terms of contempt, reproach, and opprobrium. When, as here shown, they were shouted in the hearing of such laborers, they need not be addressed to any particular workman to be offensive. The word "bozo" does not appear to have become so connected with labor troubles as to have acquired a settled meaning recognized by lexicographers—though we may safely assume that it partakes of the character of the words with which it is here connected; but the word "rat" and "scab" have, and are found in the new International Dictionary and are there defined to mean just what they have come to mean in common speech: One who works under conditions contrary to those prescribed by the union; a dirty, paltry fellow. After verdict, at least, the complaint was not defective in the respect under consideration.

The other grounds are that the complaint does not show that the respondent's conduct was such as was calculated to put any person in fear of bodily harm, or that it had that effect. This subject has been sufficiently covered in discussing the motion for a verdict.

[(9)] That the State does not challenge the sufficiency of the motion in arrest is no embarrassment to our affirming the ruling on the ground of its insufficiency. *Simpson* v. *Central Vermont Ry. Co.,* 95 Vt. 388, 115 Atl. 299.

*Judgment that there is no error in the record and that the respondent takes nothing by his exceptions. Let execution be done.*