## State of Vermont v. Peter William Sanderson

[185 A.2d 730]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*Peter F. Langrock,* State's Attorney, for the State.

*Roger D. Bartels* for the respondent.

**Holden, J.** The respondent Peter William Sanderson was adjudged guilty of disturbing the public peace in a trial by the Addison Municipal Court. The cause was heard by the court without a jury.

The single question presented by the respondent's appeal is the sufficiency of the evidence to support the conviction. These are the facts upon which the judgment was entered.

The respondent became angered when he learned that James Nelson had entered a complaint with the Department of Public Safety concerning reckless motor vehicle operation on the public highway in front of the complainant's home in Leicester, Vermont. The investigation that followed involved the respondent. The respondent became aware of this sometime after eight o'clock on the evening of July 31, 1961. Thinking that he was wrongfully accused, the respondent set out to see Mr. Nelson.

Mr. Nelson was not at home. Mrs. Nelson was in the house and two of their children were playing in the driveway. The Nelson home was situated on a country road, outside the town. The respondent was operating a blue pick-up truck. The respondent stopped in front of the Nelson house. Apparently concluding that Mr. Nelson was not in, the respondent backed into the driveway adjoining the house. The vehicle was not equipped with a muffler and the motor was racing. The truck departed from the driveway at a high rate of speed. In turning back into the highway, some type of farm tool, apparently a fork, was flung from the body of the truck onto the highway. The tires on the truck screeched as the truck got under way.

The evidence given at the trial permits the inference that the respondent's vehicle left rubber skid marks on the surface of the road which extended fifty-three feet in his direction of travel. It could further be inferred that stone was hurled from under the spinning wheels of the truck through the windshield of an automobile that was parked in the Nelson yard. A neighbor of the Nelsons, Mrs. Bernice Laporte, heard an "awful racket" from the vicinity of the Nelson house. She observed from the window for she knew that Mrs. Nelson was at home alone. At first, all she could see was dust and smoke. She could hear the loud noise of the motor. Another neighbor was disturbed by the loud noise and high speed of the respondent's truck during the incident. The witness observed the respondent halt his truck to pick up the fork that had fallen from the vehicle. He then left the scene.

The complaint in this prosecution was framed according to the provisions of the 1957 enactment which amended the former statute

(V. S. 47 §8458) dealing with disturbances of the public peace. The present law provides:

A person who disturbs or breaks the public peace;

(1) By destruction of property, assaulting, beating or striking another person shall be imprisoned not more than five years or fined not more than $1,000.00 or both;

(2) By any disorderly act or language, which does not amount to assault or battery, or destruction of property, shall be imprisoned not more than thirty days or fined not more than $25.00 or both.

The municipal court imposed sentence in this case within the limits prescribed by subdivision (2). So it seems that the court determined that the respondent had committed the lesser offense defined in 13 V.S.A. §1021.

Although the statute has been changed, the longstanding legal concept of the offense remains the same. "The public peace is that sense of security and tranquility so necessary to one's comfort, which every person feels under the protection of the law; and a breach of the peace is an invasion of the protection which the law thus affords." *State* v. *Mancini,* 91 Vt. 507, 511, 101 Atl. 581; *State* v. *Wixon,* 118 Vt. 495, 498, 114 A.2d 410. Although terror usually accompanies the crime in its aggravated form, fear is not an essential ingredient of the offense. *State v. Christie,* 97 Vt. 461, 463, 123 Atl. 849, 34 A.L.R. 577; *State* v. *Wixon, supra,* at 498. The controlling factor is found in the background and circumstances which attend the alleged offense.

So it is here. While a rapid turn-around in a private driveway may be entirely lawful, in the setting of this event it takes on more serious consequences.

The scene was a private home where children were playing about in the yard. The noise generated from the speed, the screeching tires and propulsion of dirt and gravel from the surface of the road disturbed not only Mrs. Nelson, but concerned adjoining neighbors as well.

The public peace may be transgressed by the reckless, offensive operation of a motor vehicle in such manner as to endanger the safety and security of persons lawfully on or near the highway. *State* v. *Boyd,* 91 Vt. 88, 90, 99 Atl. 515. Whether the offense alleged had

been committed in this instance was an issue for the trier of the facts to settle. The State's evidence supports the ultimate determination that the respondent's visit to the Nelson home was hostile and vengeful. This, coupled with the danger attendant upon high speed operation, unmuffled noise of the motor and tire screeches, in an otherwise quiet and peaceful neighborhood, justify the conclusion that there was an offense against public safety, peace and good order within the intent of the statute.

*Judgment affirmed. Let the sentence be carried out.*