## Commonwealth, Appellant, *v.* Robb.

Argued June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stewart J. Greenleaf*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, submitted a brief for Commonwealth, appellant.

*Albert C. Oehrle*, with him *Wilson, Oehrle & Drayer*, for appellee.

OPINION BY PRICE, J., December 22, 1975:

Appellee James H. Robb was indicted by the Montgomery County Grand Jury for operating a motor vehicle while under the influence of intoxicating liquor. He filed a motion to suppress evidence with the Montgomery County Court of Common Pleas, and, on November 19, 1974, the lower court granted the motion. The Commonwealth, as is its right, *Commonwealth v. Deren*, 233 Pa. Superior Ct. 373, 337 A.2d 600 (1975), has appealed that order. Because the evidence was improperly suppressed, the order of the lower court must be reversed.

On April 18, 1974, Officer Gordon Simes, of the Montgomery Township Police Department, observed appellee's car drift slowly through a red traffic signal. Officer Simes followed appellee for approximately one to one and one-half miles, during which time appellee's driving was erratic. He weaved over the solid lines in the center of the highway and onto the right shoulder of the highway. When appellee stopped for a traffic signal at an inter-

section, Simes turned on his flashing red light. Using the patrol car loudspeaker, Officer Simes ordered appellee to pull into a nearby gasoline station. The gasoline station is located in Bucks County, approximately 150 feet beyond the Montgomery County border. The officer testified that he waited until then to pull the appellee over because it would have been dangerous to have done so earlier.

Officer Simes left his car and approached that of the appellee. When appellee lowered his window, a distinct aroma alerted Simes to the possibility that appellee was under the influence of alcohol. Officer Simes ordered appellee from his car and administered some field tests: "simple coordination tests, standing on one foot balancing, closing the actor's eyes and requiring him to touch his nose with his finger, walking a line. The defendant did not pass these tests. . . ." The appellee was arrested and indicted for driving while under the influence of intoxicating liquor.

Appellee contends that the lower court order sustaining his motion to suppress evidence should be upheld because all of the evidence so obtained was the fruit of an illegal arrest. He contends that the arrest was illegal because Officer Simes, a Montgomery Township Police Officer, had no authority to arrest him in Bucks County.

The Act of Aug. 6, 1963, P.L. 511, No. 267, §1, *as amended,* Act of Nov. 2, 1973, P.L. 330, No. 109, §1 (19 P.S. §11), provides: "Any police officer in the employ of a county, city, borough, town or township may arrest, with or without a warrant, any felon or person who has committed a misdemeanor or summary offense beyond the territorial limits of the political subdivision employing such officer for such offense committed by the offender within the political subdivision employing the police officer if such officer continues in pursuit of the offender after commission of the offense: Provided, however, that a police officer shall exercise only the power of arrest that he would have if he were acting within the territorial limits

of the political subdivision employing him." The dispute in this case centers primarily on the meaning of the proviso in the above-quoted statute.

Appellee argues that the officer in this case had no authority to arrest him. Appellee agrees that while in Montgomery County, Officer Simes had every reason to believe that one or more of the summary offense provisions of The Vehicle Code was being violated, and, therefore, had every reason to pursue and to stop appellee. Furthermore, appellee agrees that after the stop in Bucks County, Officer Simes had probable cause to arrest him for operating a motor vehicle while under the influence of intoxicating liquor, a misdemeanor. Appellee then advances the following three-pronged syllogism:

(1) Because erratic driving can be caused by weariness, sickness, or non-narcotic drugs, as well as by alcohol, mere knowledge of erratic driving does not supply probable cause to arrest;

(2) Because the only fact apparent to Officer Simes in Montgomery County was appellee's erratic driving, Officer Simes had no probable cause to arrest appellee, under the facts of this case, while they were still in Montgomery County;

(3) Because the probable cause to arrest appellee did not become apparent to Officer Simes until they had left Montgomery County, and the proviso to 19 P.S. §11, *supra,* permitted Officer Simes to exercise only the power of arrest that he had in Montgomery County, the officer did not have authority to make the arrest in Bucks County.

Our disagreement with appellee arises primarily from his interpretation of 19 P.S. §11, in prong (3). Under the statute, without considering the proviso, there can be no doubt that Officer Simes was authorized to arrest appellee.[1] The statute authorizes police officers to pursue

---

1. Prior to the 1973 amendments, 19 P.S. §11 authorized police to pursue only felons across township lines. The language

summary offenders, misdemeanants, and felons across township lines and to arrest them. The question then becomes whether the language of the proviso means that, because the probable cause to arrest appellee did not become apparent until after the officer and appellee had crossed the border, the officer had no authority to arrest appellee.

Contrary to appellee's contention, we interpret the proviso to mean that, if an officer cannot arrest without a warrant for the commission of a summary offense in the territorial jurisdiction employing him, then he cannot arrest without warrant for the commission of a summary offense in the jurisdiction to which he has pursued the summary offender. For example, in this case, if Officer Simes was not authorized to arrest appellee for failing to drive on the right side of the road[2] in Montgomery County, then he would not have been authorized to arrest appellee for that offense in Bucks County. This, however, would not prevent an officer from arresting a misdemeanant in the jurisdiction to which he has pursued him,

---

contained in the proviso was not a part of that statute. In 1973, in response to a decision of this court, *Commonwealth v. Troutman*, 223 Pa. Superior Ct. 509, 302 A.2d 430 (1973), the authority to arrest was extended to include misdemeanants and summary offenders. Many of the legislators of that General Assembly realized, however, that, in general, the authority of police officers to arrest without a warrant for summary offenses is very limited. *See* the Act of April 29, 1959, P.L. 58, §§1203, 1204 (75 P.S. §§1203, 1204), *as amended.* They feared that the amendments to 19 P.S. §11 would result in an unintentional broadening of police officers' authority to arrest. Hence, the proviso was added to insure that 19 P.S. §11 would not give officers broader powers to arrest than they would have otherwise, *i.e.,* they would not have authority to arrest summary offenders without a warrant except under the limited circumstances where they already had that power.

2. Act of April 29, 1959, P.L. 58, §1004 (75 P.S. §1004), *as amended.* Failing to drive on the right side of the road is a summary offense.

if he is empowered to arrest for the commission of a misdemeanor in the territorial jurisdiction employing him.

In this case, the fact that Officer Simes *pursued* appellee for the commission of a summary offense does not, in the least, affect his authority to arrest for the commission of a misdemeanor. Township police officers are authorized by 19 P.S. §11 to pursue offenders (felons, misdemeanants, and summary offenders) across township lines, and to arrest them if they would be empowered to do so in the township employing them. In this case, Officer Simes would have been authorized to pursue and to arrest appellee in Montgomery Township, because appellee committed a misdemeanor. Therefore, he was authorized to pursue appellee into Bucks County and to there arrest him.

One final observation is pertinent: if appellee's interpretation of the statute were to be accepted, then the amendments to the statute must necessarily fail of their essential purpose. The purpose of the amendments was to authorize township police officers to pursue intoxicated automobile operators across township lines, and to arrest them. *See* note 1, *supra*. Appellee contends that the statute does not authorize such an arrest unless probable cause becomes apparent before the officer crosses the township line. Such an interpretation would give the statute a very narrow scope of operation when applied to driving-while-intoxicated cases, contrary to the legislative purpose.

Appellee also contends that 19 P.S. §11 did not authorize this arrest because Officer Simes did not "pursue" appellee into Bucks County. Appellee argues that, in this case, Officer Simes directed appellee to cross the border and appellee obeyed. There was no real pursuit because appellee was not fleeing. We agree that generally, the word "pursuit" connotes something more than mere casual following. However, because 19 P.S. §11 is not penal in nature, it must be interpreted liberally. 1 Pa.C.S. §1928. *See also Commonwealth v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d 812 (1974). The statute must also be interpreted to give effect to the

intention of the General Assembly. 1 Pa.C.S. §1921. A liberal interpretation of the word "pursuit" would include the conduct of the officer in this case. A liberal interpretation of the statute as a whole, together with its statutory history, indicates that the legislature intended to authorize police officers to make arrests under circumstances like these. Therefore, appellee's argument must be rejected.

The order of the lower court is reversed and the case is remanded for proceedings consistent with this opinion.

SPAETH, J., concurs in the result.

JACOBS, J., dissents.