419 A.2d 1364

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John J. FIUME and Norma Jean Voss.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed June 20, 1980.

76

Nicholas A. Barna, District Attorney, Honesdale, submitted a brief on behalf of Commonwealth, appellant.

Christopher T. Powell, Scranton, for appellees.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

CIRILLO, Judge:

The appellees were indicted for various crimes on January 2, 1979, for crimes alleged to have occurred in June 1975. The appellees filed a motion to quash the indictments on the grounds that the statute of limitations had obviously expired as of the face of the indictments. The Commonwealth filed a motion to amend the indictments. The Court below dis-

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

missed the motion to amend, and quashed the indictments, and the Commonwealth has appealed that Order to this Court.

■ It is well settled that where an indictment charges a crime beyond the statute of limitations, it must allege facts which bring it within one of the exceptions to the statute of limitations: *Commonwealth v. Creamer*, 236 Pa. Super. 168, 345 A.2d 212 (1975); *Commonwealth v. Bender*, 251 Pa.Super. 454, 380 A.2d 868 (1977). The indictments in this case contained no allegations whatsoever which would have purported to explain any alleged exception to the statute of limitations and, therefore, the indictments were properly quashed.

■ The Commonwealth contends that it should have been allowed to amend the indictments to cure the defects. However, Pennsylvania Rule of Criminal Procedure No. 220 provides that amendments to indictments may be allowed only where there is a defect in form. It has been held that an amendment may not be allowed where there is a defect of substance and not form: *Commonwealth v. Brown*, 229 Pa.Super. 67, 323 A.2d 845 (1974). We hold that the defects in this case were a matter of substance and not form and, therefore, the motion to amend was properly denied.

The order of the court below is hereby affirmed.