## Commonwealth v. Rossino

*Sandra G. Elias,* Assistant Attorney General, for the Commonwealth.

*Francis A. Holloran, Jr.,* for defendant.

KEELER, *J.*, June 9, 1983—Defendant timely filed omnibus pre-trial motions including: a motion to quash the informations for failure of the Commonwealth to comply with the applicable statute of limitations; a motion for severance; and, a motion to suppress evidence.

In addressing the statute of limitations issue, the Commonwealth contends that an exception to the general limitation of action provision applies. It is well settled that where an individual is charged with criminal activity beyond the statute of limitations, it must allege facts that bring it within one of the exceptions to the statute. Commonwealth v. Fiume, 278 Pa. Super. 75, 419 A.2d 1364 (1980); Commonwealth v. Bender, 251 Pa. Super. 454, 380 A.2d 868 (1977).

The criminal informations filed in this matter charge that on or about December 26, 1979, Alfred Rossino engaged in certain illegal activities. In addition, the informations state:

The instant action although not brought within the two year statutory period may still be maintained by the Commonwealth at this time pursuant to 42 C.P.S.A. §5552(c)(1) because fraud is a material element of the offense alleged by the Commonwealth. Fraud in this matter was discovered during a Grand Jury investigation beginning in September of 1982. The action was commenced within one year of its discovery and did not extend the statutory time period beyond five years.

Thus, the threshold question is whether these facts bring the Defendant within an exception to the statute of limitations. These facts alone seem insufficient to bring the case within an exception to the statute of limitations. See generally 42 Pa.C.S.A. §5552 (1981).

The criminal charges here arose out of a business transaction. That transaction called for defendant's employer, Vic Snyder, Incorporated, to undertake plumbing repairs for Mr. Alphonso Randolph of Parkside, Delaware County, Pa. Mr. Randolph testified at a preliminary hearing held before district justice Paul Ewaka on the morning of March 4, 1983. Mr. Randolph described the nature of his plumbing problem and the steps undertaken by defendant and his employer in attempting to complete the repair. Apparently, defendant represented to Mr. Randolph that his curb trap would have to be replaced in order to correct his leaky ceiling. Immediately after the curb trap was replaced, Mr. Randolph suspected that such replacement was not necessary. His suspicions were confirmed around January 3 or 4, 1980, when Edward O'Hara, the Parkside plumbing inspector, told him that a leaky ceiling "has nothing to do with a curb trap." Clearly then, Mr. Randolph was aware of the existence of purported fraudulent activity no later than the first week of January, 1980.

This and a number of other incidents were submitted to a County Investigating Grand Jury for consideration. A presentment was handed down which recommended that defendant and others be charged with certain criminal offenses. Subsequently, a complaint was filed. Thereafter, on February 1, 1983, a warrant for the arrest of defendant was issued. Criminal informations were filed on March 22, 1983 charging defendant with theft by deception, deceptive business practices and criminal conspiracy.

A preliminary provision of the Crimes Code mandates that prosecution be commenced within a certain statutorily determined time period. 18 Pa.C.S.A. §108 (Supp. 1982). Generally, prosecu-

tion for criminal offenses must be commenced within two years after the criminal act is committed. 18 Pa.C.S.A. §5552(a) (1981). However, as noted previously, the Commonwealth maintains that the acts here alleged fall within an exception to this general rule. That exception authorizes the Commonwealth to commence an action though the two year limitation period has expired for: any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

42 Pa.C.S.A. §5552(c)(1) (1981). The prosecutor contends that the exception is applicable because the Commonwealth discovered the fraud during the grand jury investigation and maintains that no information as to whether the crimes were committed was in the hands of the Commonwealth prior to July 20, 1982.

However, this interpretation of the exception neglects the plain wording of the statute. The exception requires that the prosecution be commenced "within one year after discovery of the offense by an *aggrieved party*." 42 Pa.C.S.A. §5552(c)(1) (Emphasis added.) Obviously, the exception was designed by the legislature to extend the statute of limitations for criminal offenses where fraud is allegedly involved. Often, the nature of the fraudulent activity precludes the victim from knowing that he has been defrauded. The exception provides a remedy for aggrieved persons who discover that they have been victimized some time after the alleged offense actually occurred.

However, that pattern does not appear in the situation extant. Here, the victim admitted at the preliminary hearing that he was supicious of defendant's work recommendation within a day or two of the date when a repair contract was executed. Moreover, Mr. Randolph's suspicions were confirmed by the plumbing inspector during the early days of January, 1980.

Thus, the victim discovered the offense some time in the early days of January, 1980. The exception provision applies where the fraud is discovered more than one year after the criminal act was perpetrated; otherwise, the exception would impose a shorter statute of limitations period than the general two year prescription. See 42 Pa.C.S.A. §5552(a). In light of this, the general two year provision applies here and the commencement of this prosecution should have been initiated no later than January of 1982. Whether the Commonwealth knew of the existence of this offense is of no moment. The statute does not look to the Commonwealth's knowledge but only to the knowledge and discovery of the offense by the victim. Thus, we must determine whether the Commonwealth commenced prosecution on or before the early part of January, 1982. "A prosecution is commenced either when an indictment is found or an information . . . is issued, or when a warrant, summons or citation is executed without unreasonable delay." 42 Pa.C.S.A. §5552(e). This action was not commenced until February 1, 1983, when an arrest warrant was issued against the Defendant. Thus, over three years elapsed between the initiation of prosecution and the date of the alleged criminal acts. Therefore, the statute of limitations has passed and these charges must be dismissed. In light of this disposition we do

not reach the merits of the other motions filed by defendant in his omnibus petition.

## ORDER

And now, this June 9, 1983, defendant's motion to quash the information charged herein is hereby granted.