## State of Vermont v. Richard F. Hart

[539 A2d 551]

No. 86-452

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 18, 1987

*William S. Bos,* Windsor County State's Attorney, *Joanne Baltz,* Deputy State's Attorney, and *Nina S. Pelletier,* Law Clerk (On the Brief), White River Junction, for Plaintiff-Appellant.

*Frank F. Berk and Linda Sable,* Law Clerk (On the Brief), of *Mayer & Berk,* South Royalton, for Defendant-Appellee.

**Gibson, J.** The State brings an interlocutory appeal to this Court pursuant to V.R.A.P. 5(b) on the question of whether a town constable who observes a motor vehicle operator commit a driving violation outside of the constable's town has the authority to arrest that person without a warrant. We answer this question in the negative.

On March 28, 1986, Constable Wills of Bethel observed a car coming along behind him on Christian Hill Road in Royalton, near the junction of Route 107. The car was traveling very slowly and failed to stop at a stop sign at the intersection of Route 107 and Christian Hill Road.

Constable Wills stopped the vehicle while it was still in Royalton, and noticed that the operator, defendant, emitted an odor of alcohol. The constable asked defendant to get out of his car and walk a straight line. When defendant could not do this adequately, Constable Wills radioed the Bethel barracks of the Vermont State Police for assistance, and Trooper David Wilson soon arrived at the scene. The trooper took an alco-sensor test, which indicated defendant had a blood alcohol content in excess of .10%, and also administered a breath test. He observed that defendant swayed slightly when walking, had bloodshot and watery eyes, and his speech was slurred. He cited defendant for driving while under the influence of intoxicating liquor (DUI), in violation of 23 V.S.A. § 1201(a)(2).

Defendant filed a motion to suppress all information stemming from his DUI arrest on the ground that Constable Wills was outside his jurisdiction when he detained defendant. The trial court granted the motion. The State moved for reconsideration of the ruling and, after that motion was denied, requested permission to appeal. This motion was also denied. This Court subsequently granted the State's motion for permission to take an interlocutory appeal.

The State maintains that a town constable who observes a motor vehicle violation committed outside of the town in which

the constable was elected may arrest the violator without a warrant. The State contends that 23 V.S.A. §§ 4(11) and 1013 grant constables explicit statewide authority to make arrests for motor vehicle code violations. 23 V.S.A. § 1013 states that "[e]nforcement officers may make arrests for violation of this title . . . ." 23 V.S.A. § 4(11) defines enforcement officers to include "sheriffs, deputy sheriffs, constables, police officers, state's attorneys, motor vehicle inspectors, state game wardens and state police . . . ." The State argues that these two statutes exhibit a legislative intent to give constables statewide arrest powers for motor vehicle violations. We disagree.

As a general rule, a peace officer acting without a warrant outside his territorial jurisdiction lacks official power to apprehend offenders, unless state statutes provide such authority. See *People* v. *Vigil*, 729 P.2d 360, 365-66 (Colo. 1986); *State* v. *Shipman*, 370 So. 2d 1195, 1196-97 (Fla. Dist. Ct. App. 1979), *cert. denied*, 381 So. 2d 769 (Fla. 1980); *City of Cincinnati* v. *Alexander*, 54 Ohio St. 2d 248, 375 N.E.2d 1241 (1978); see also Restatement (Second) of Torts § 121 comment a (1965) (if appointed to act only within a limited district, a peace officer has no greater privilege outside of that district than a private citizen). See generally Annotation, *Validity, in State Criminal Trial, of Arrest Without Warrant by Identified Peace Officer Outside of Jurisdiction, When Not in Fresh Pursuit*, 34 A.L.R.4th 328 (1984).

Although § 1013 authorizes enforcement officers to arrest motor vehicle violators, the statute does not purport to expand the jurisdictional limits inherent in the office of constable under the common law. Indeed, a constable is not an officer of the state, but rather of the town by whose voters he was elected. *Bixby* v. *Roscoe*, 85 Vt. 105, 114, 81 A. 255, 259 (1911). Since a constable is a town officer, 17 V.S.A. § 2646(7), it necessarily follows that the constable's authority to enforce the law, absent statutory expansion of such authority, is limited to the territorial confines of that particular town.

We find no express statutory authority in Vermont for a constable to make a warrantless arrest outside of the town in which the constable was elected, nor is there implicit statutory authority for such an expansion of a constable's jurisdiction.[1] Rather, the

---

[1] V.R.Cr.P. 3(a) allows law enforcement officers to arrest without a warrant for crimes committed in their presence and V.R.Cr.P. 54(c)(6) defines "law enforce-

statutory scheme implies that a constable's warrantless arrest power is confined to the town in which the constable was elected.

Further, we note that 23 V.S.A. § 4(12) contains a definition of "fresh pursuit." Arguably, such a definition would not be necessary if the law enforcement officers listed in § 4(11) all had statewide jurisdiction. Indeed, this Court has held, under the doctrine of fresh pursuit, that a local police officer acted with full authority in following a violator into a neighboring municipality and stopping the vehicle there. *State* v. *Baldwin*, 140 Vt. 501, 512, 438 A.2d 1135, 1141 (1981). The Court did not base its decision in *Baldwin* upon the concept that the police officer had statewide authority to make a motor vehicle arrest.

Whenever a constable is empowered to act beyond the confines of his or her town, the legislature has provided a specific grant of authority to this effect. For example, under 12 V.S.A. § 691,[2] constables are given express authority to serve civil or criminal process statewide. 12 V.S.A. § 693[3] gives constables the same powers and subjects them to the same liabilities and penalties as sheriffs when the constables are serving process, thus leaving the implication that when constables are not serving process their powers are not the same as a sheriff's. Further, a distinction was historically made between the powers of a sheriff and the powers of a consta-

---

ment officers" to include constables. Although this might imply that constables have broad arrest powers, we find no specific authority to extend their jurisdiction outside their respective towns. This Court is bound by 12 V.S.A. § 1, which gives this Court authority to promulgate rules of "pleadings, practice, evidence, procedure and forms for all actions and proceedings," but expressly states that this Court does not have the authority to "abridge, enlarge or modify any substantive rights of any person provided by law."

To be free from the unlawful stop and seizure of one's person is a substantive right of Vermonters provided for by law. Vt. Const. ch. I, art. 11. Any statute infringing on this right will be strictly construed and will not be changed "unless an intention to effect such change plainly appears from the express words of the statute or by necessary implication." *Coral Gables, Inc.* v. *Christopher*, 108 Vt. 414, 419, 189 A. 147, 150 (1937); see also *Marshall* v. *Town of Brattleboro*, 121 Vt. 417, 419, 160 A.2d 762, 764 (1960) (applicability of statute of limitations which curtails the remedy for the wrong claimed must receive strict construction).

[2] 12 V.S.A. § 691 provides: "Sheriffs and constables may serve either civil or criminal process, anywhere within the state and returnable to any court."

[3] 12 V.S.A. § 693 states: "In the service of process, constables shall have the same powers and be subject to the same liabilities and penalties as sheriffs."

ble regarding disturbances at religious meetings. 13 V.S.A. § 972[4] (repealed 1972) gave authority to arrest people who disturb religious meetings to a sheriff for the whole county, and to a constable for only the town. The Vermont Legislature thus has expanded a constable's authority beyond the town in which the constable was elected only in certain isolated instances.

The Pennsylvania courts have held this sort of legislative inaction to be dispositive. *Commonwealth* v. *Troutman*, 223 Pa. Super. 509, 511, 302 A.2d 430, 431-32 (1973). In *Troutman*, township law enforcement officers pursued a suspected DUI from their own town into a neighboring town in order to arrest the driver. *Id.* at 511, 302 A.2d at 431. The court held that, absent legislative language to the contrary, a township police officer could not infringe on the jurisdiction of a police officer from another township in order to make a warrantless arrest of a suspected misdemeanant. *Id.* at 511, 302 A.2d at 432. The *Troutman* court held that the town police officers' jurisdiction could not be expanded under a fresh pursuit theory since the legislature had not provided for such an expansion of the officers' jurisdiction. *Id.* at 511, 302 A.2d at 431; see also *City of Cincinnati* v. *Alexander*, 54 Ohio St. 2d at 254, 375 N.E.2d at 1245 (express conferral of statewide arrest power when armed with a warrant and silence of statutes when no warrant exists held to be persuasive that no such arrest authority was intended to be granted; a statute in derogation of personal liberty is to be strictly construed).

The State also attempts to justify the constable's actions under a theory of exigency. The case at hand lacks any showing of exigent circumstances, however.

Furthermore, we do not reach the issue of fresh pursuit, in that the constable did not pursue defendant from the constable's town into another jurisdiction. See *State* v. *Baldwin*, 140 Vt. at 508-09, 438 A.2d at 1139; 23 V.S.A. § 4(12).

■ Finally, the State cannot justify the detention as being within the constable's power to effectuate a citizen's arrest. Private citizens may not arrest for misdemeanors committed in their presence unless the misdemeanor constitutes a breach of the

---

[4] 13 V.S.A. § 972 provided: "A justice, municipal judge, sheriff and deputy sheriff of the county, and a constable and grand juror of the town, being present at the disturbance of a religious meeting, without warrant, upon view, may arrest a person so making disturbance, and detain him in custody during the time of such meeting, or until a trial of such offense is had."

peace. See Restatement (Second) of Torts § 119 (1965); *Gortarez v. Smitty's Super Valu, Inc.*, 140 Ariz. 97, 102, 680 P.2d 807, 811-12 (1984); *Settle* v. *State*, 679 S.W.2d 310, 317-18 (Mo. Ct. App. 1984), *cert. denied*, 472 U.S. 1007 (1985). The situation in the case at hand was a misdemeanor that did not rise to the level of a breach of the peace, and may not be justified as a citizen's arrest.

In the absence of any claim that the trial court's granting of defendant's motion to suppress should be reversed irrespective of the validity of the constable's detention of defendant, it follows that the trial court correctly granted the motion to suppress. See *City of Cincinnati* v. *Alexander*, 54 Ohio St. 2d at 254-55, 375 N.E.2d at 1245-46.

*The State's question is answered in the negative. Remanded for further proceedings not inconsistent with this opinion.*