### State of Vermont v. Robert D. Griffin

[565 A.2d 1340]

No. 88-503

Present: **Allen, C.J., Peck, Dooley and Morse, JJ.**

Opinion Filed August 4, 1989

*Terry Trono*, Washington County State's Attorney, Barre, and *Gary Kessler*, Resource Attorney, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Stephen J. Craddock*, Barre, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from a conviction after a court trial of driving under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2), on grounds that the arresting officer had no authority to stop and arrest him outside of his jurisdiction. We affirm.

On December 12, 1987, Officer Robert Rodd of the Waterbury Police Department observed defendant at about 2:25 a.m. traveling south on South Main Street in Waterbury, crossing the center line one tire width. The officer followed defendant's car, which continued to weave from edge to edge of the lane at a speed approximately ten miles an hour below the legal speed limit. After crossing a bridge over the Winooski River and leaving the Town of Waterbury, the vehicle cut into the oncoming lane while rounding a curve. Although the allowable speed increased to 50 m.p.h., defendant continued to travel at 20 m.p.h. As the vehicle proceeded down Route 100, the officer observed it continue to weave in and out of its lane. When the officer turned on his blue lights, defendant accelerated to 50 m.p.h. and did not stop until the officer's siren was activated.

Defendant moved before trial to suppress all evidence obtained by the officer on grounds that he had been outside of his jurisdiction and therefore lacked authority to arrest defendant, citing *State v. LeBlanc*, 149 Vt. 141, 540 A.2d 1037 (1987). He also argued that the doctrine of citizen's arrest did not apply, citing *State v. Hart*, 149 Vt. 104, 108–09, 539 A.2d 551, 554 (1987), where we said that breach of the peace was a prerequisite for a private citizen's arrest for misdemeanors conducted in the citizen's presence. The court determined that a breach of the peace had occurred in the officer's presence, since erratic driving constitutes a breach of the peace under *State v. Sanderson*, 123 Vt. 214, 216–17, 185 A.2d 730, 731–32 (1962). The court concluded that a valid citizen's arrest had occurred, and this appeal followed.

Defendant argues here that the requirement of a breach of the peace had not been met and that *Hart* bars a valid citizen's arrest. The State responds that *Hart* and *LeBlanc* dealt with minor traffic offenses, while the present case involved what the arresting officer perceived to be danger to other motorists, and hence a breach of the peace. *State v. Jennings*, 112 Ohio App. 455, 458, 176 N.E.2d 304, 307 (1959); *State v. Rue*, 72 N.M. 212, 216, 382 P.2d 697, 700 (1963). Such breach of the peace, according to the State, fulfills the requirement in *Hart* and sustains the citizen's arrest.

We need not resolve the question of whether DUI offenses in general or defendant's conduct in this particular case involved a breach of the peace,* for the trial court's denial of the suppression motion was correct in any event, since the arrest followed the officer's fresh pursuit of defendant. This Court has previously interpreted 23 V.S.A. § 4(12) to provide local police officers with authority to stop and arrest the driver of a motor vehicle outside of their jurisdiction if in "fresh pursuit" of the driver. *State v. Baldwin*, 140 Vt. 501, 512, 438 A.2d 1135, 1140–41 (1981). 23 V.S.A. § 4(12) reads:

> "Fresh pursuit" ... includes fresh pursuit as defined by the common law, and also the pursuit of a suspected violator of the criminal laws or other laws of this state, for which he is, or might be, subject to arrest, by an enforcement officer. Fresh pursuit ... is not necessarily instant pursuit, but pursuit without unreasonable delay....

The trial court's findings make clear that the officer followed defendant from Waterbury into Duxbury, crossing a municipal boundary from the town in which he was an officer into the town where the arrest was made, as occurred in *Baldwin*, 140 Vt. at 506, 438 A.2d at 1137.

Defendant argues that the doctrine of fresh pursuit does not apply in this case because the level of defendant's conduct did not justify an inference of probable cause until both defendant

---

* We note that in *Sanderson* the trial court found that the defendant had proceeded in the vicinity of a residence where children were present, screeching his tires and propelling dirt and gravel. The court found that the State's evidence supported the determination that defendant's visit and conduct had been "hostile and vengeful." 123 Vt. at 217, 185 A.2d at 731.

and the officer were in Duxbury. According to the defendant, the officer followed him from Waterbury to Duxbury, not in fresh pursuit, but because he felt that further investigation was in order.

Defendant construes the doctrine too narrowly. Defendant's erratic driving was first observed in Waterbury, though it was not until the officer and defendant entered Duxbury that the officer activated his blue lights and defendant accelerated to 50 m.p.h., leaving no doubt at that time that probable cause existed for the stop. Police officers are vested with the authority to pursue a suspected violator under § 4(12), and probable cause for arrest is not required when the pursuit begins. The defendant's operation of the vehicle in Waterbury was sufficient to raise a suspicion in the officer's mind, and the pursuit into the adjoining town was authorized. For all relevant purposes, the facts giving rise to the pursuit we sanctioned in *Baldwin* are indistinguishable from those in the present case, though the present issue was not raised or discussed in that decision.

In *Commonwealth v. Robb*, 238 Pa. Super. 62, 352 A.2d 515 (1975), the defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor. A Montgomery Township police officer observed defendant's car proceed slowly through a red light and followed him about one and one-half miles, during which defendant weaved over the center line and onto the right shoulder of the highway. The officer turned on his flashing light in Montgomery Township and followed defendant just over the municipal and county border, where he stopped. In seeking to uphold the trial court's suppression of the evidence acquired after the stop, defendant argued on appeal that the erratic driving in Montgomery Township did not amount to probable cause, because it could have been caused by numerous conditions, and probable cause became apparent only after the stop. In reversing the trial court and allowing the evidence obtained after the pursuit, the appeals court stated:

> Appellee contends that the statute does not authorize such an arrest unless probable cause becomes apparent before the officer crosses the township line. Such an interpretation would give the statute a very narrow scope of

operation when applied to driving-while-intoxicated cases, contrary to the legislative purpose.

*Id.* at 68, 352 A.2d at 518. The only significant factual distinction between *Robb* and the case at bar is that in the case before us the officer did not activate his lights until after passing into the neighboring jurisdiction, a distinction that in no way affects the reasoning of the *Robb* court.

Though the trial court denied the suppression motion on other grounds, "[e]ven if the grounds relied on by the court below were error, which we do not decide, this Court has held that it will not reverse a correct result merely because it is reached for the wrong reason." *State v. Dreibelbis*, 147 Vt. 98, 100–01, 511 A.2d 307, 308 (1986) (citations omitted).

*Affirmed.*